The People of the State of New York, Respondent, *v.* Harvey Marcelin, Appellant.

First Department, June 15, 1965.

*Leonard H. Sandler* of counsel (*Irving Mendelson* with him on the brief), for appellant.

*Raymond S. Hack* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

EAGER, J.  The defendant appeals from a judgment convicting him, after a trial by jury, of the crime of murder in first degree and sentencing him to State prison for the term of his natural life.  The defendant's guilt beyond a reasonable doubt was clearly established and he raises no question as to the sufficiency or weight of the evidence.  Furthermore, there is no substantial merit to the defendant's several alleged points of error or to his claim that he was deprived of a fair trial by the prosecutor's alleged misconduct.  The judgment of conviction should be affirmed.

There is a matter of trial misconduct, however, which, while not constituting reversible error in the posture of the record, does merit discussion.  Both the prosecutor and defense counsel repeatedly and improperly interrupted the summation of the other with unwarranted objections and comments.  Since we have noted that this is a practice sometimes indulged in by counsel in trials, both criminal and civil, and, on occasion, permitted without suitable rebuke by the trial court, a review at this time of the prevailing rules is in order.

Upon all jury trials in criminal and civil cases, the proper argument of the cause is as much a part of the trial as the hearing of evidence.  "If an issue of fact is involved, both parties have a right to be heard by counsel in argument before the jury."  (2 Hyatt, Trials, § 1450, p. 1526.)  This is a valuable right secured to every suitor by the principles of Anglo-American law.  (1 Thompson, Trials, § 955, also *ibid.*, §§ 920, 921.) " It is the privilege of counsel in addressing a jury to comment upon every pertinent matter of fact bearing upon the questions which the jury have to decide.  This privilege it is most important to preserve and it ought not to be narrowed by any close construction, but should be interpreted in the largest sense. The right of counsel to address the jury upon the facts is of public as well as private consequence, for its exercise has always proved one of the most effective aids in the ascertainment of truth by juries in courts of justice, and this concerns the very highest interest of the State.  The jury system would fail much more frequently than it now does if freedom of advocacy should be unduly hampered and counsel should be prevented from exercising within the four corners of the evidence the widest latitude by way of comment, denunciation or appeal in advocating his cause."  (*Williams* v. *Brooklyn El. R. R. Co.*, 126 N. Y. 96, 102–103.)

In a criminal case, a right of a defendant to have his counsel make a proper argument upon the evidence is held to be included

in his constitutional right to be heard by counsel. (See 23A C. J. S., Criminal Law, § 1082.) Furthermore, our statute provides for concluding arguments by counsel following the closing of the evidence, with defendant or his counsel to speak first and counsel for the People to conclude the argument to the jury. (Code Crim. Pro., § 388.)

Implicit in the privilege of counsel to make a closing argument is the right to present his summation in an orderly manner without undue criticism by opposing counsel or by the court. As long as counsel keeps within the "four corners of the evidence" and does not dwell upon matters which are immaterial or irrelevant to the issues, his summation should not be interrupted. The frequent breaking in upon counsel's closing argument has a tendency to destroy or impair the effect thereof. So, where interruptions of summation for purposes of objection are not well grounded, they must be considered as directed to frustrate the opportunity of a proper summation.

Of course, if counsel in summation refers to facts not in evidence or comments upon matters which are immaterial or irrelevant to the issues, then, the required and proper practice is for opposing counsel to interrupt the summation for the purpose of objecting to the improper statements therein. (See 6 Carmody-Wait, New York Practice, § 140, p. 602, and cases cited.) But there is no justification for the interruption of a summation to interject baseless objections or improper comment. Such interruptions are to be dealt with by the trial court as in the cases of other improper trial tactics having a tendency to thwart the proper administration of justice.

As in all aspects of a trial, the matter of the conduct of counsel in and during summation is subject to the supervision of and full control by the Trial Judge. He is bound to be vigilant to prevent abuses of the rights of counsel in this connection. He may stop and admonish counsel whenever there is an improper reference to extraneous and prejudicial matters. On the other hand, it is equally the duty of the Presiding Judge to see that counsel has the full and proper opportunity to properly and effectively present his client's case. In furtherance of this duty, firm action should be taken, whenever necessary, to prevent the improper interruption of a summation. If, at first, counsel breaks in upon a summation for the purpose of making patently groundless objections or unauthorized statements, the Trial Judge may rebuke him, and if the conduct is persisted in, the attorney should be admonished or reprimanded. Here, as in all phases of the trial, the firmness of the Trial Judge in his super-

vision of the conduct of counsel, is the key to a fair and impartial trial.

The judgment of conviction should be affirmed.

BOTEIN, P. J., BREITEL, RABIN and STEVENS, JJ., concur.

Judgment of conviction unanimously affirmed.