THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN DUKE, Appellant.

First Department, June 9, 1977

[REDACTED]

*Diana A. Steele* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Joyce Marie Andren* of counsel *(Barbara Gonzo* with her on the brief; *Mario Merola, District Attorney),* for respondent.

*Per Curiam.* After a careful review of the record in this case the majority is convinced that the representation of the defendant by his assigned lawyer "was so inadequate and ineffective as to deprive him of a fair trial". *(People v Bennett,* 29 NY2d 462, 464.) We realize that the complaint of inadequacy of representation by counsel is frequently made but rarely demonstrated. Nevertheless, in this case we are at a loss to understand what the defendant was to gain by the extensive cross-examination of the police witnesses which brought out in detail how the undercover police work in cases of sales of narcotics, and also that the investigation which led to the arrest of this defendant was instituted because of sales of narcotics to children in and about the school. Surely this could not have been properly brought out on direct examination by the prosecution. Also, despite the fact that the trial court repeatedly cautioned defendant's counsel that certain questions asked by her would bring out facts which could not be brought out by prosecution, she pursued that line of questioning, disregarding the clearly prejudicial effect of the answers on the defendant's case, including proof of prior sales of narcotics by the defendant on occasions other than what was charged in the instant indictment.

Another example of the ineptness of counsel is found in her action in calling a suspended police officer to the stand as a witness for the defense, without ever having questioned him with reference to the testimony he would give. He testified that he met undercover officer Hughes in front of Morris High School because he knew that they were going to buy narcotics from defendant as he had purchased cocaine from him on another occasion, four days prior to the date charged in the indictment, which was January 25. He further testified that he witnessed the sale by the defendant and actually saw the

defendant pass the tin foil to the undercover officer and he watched the defendant count the money which the officer gave him in return. Certainly this could be of no use to the defense and highly corroborative of the People's case.

An examination of the summation discloses that, to say the least, it was weak, ineffective and of no help to the defendant. It leaves one with the impression that it was, in effect, an argument for the conviction of the defendant. We here quote some of the remarks made during such summation.

"It's hard for me to say that officers might have lied on the stand. They might have. They might not have. What reason would they have to lie? Well, if you don't convict this defendant you let him walk out of here free. Then that whole buy operation, all the money that went into that buy operation forget about it, it's down the drain. * * * And I admit to you that the corroboration of all of the officers is overwhelming. Were you to find this defendant guilty I couldn't criticize you for that decision because the testimony overwhelmingly corroborates both undercover officers. However, when I opened up to you I asked you, I beseeched you, to keep your minds open and try to believe the defendant. It's possible he's telling the truth. It's possible he's not."

There is ample proof to justify the jury's verdict of guilty, but despite this, the defendant was entitled to a fair trial and a review of the record has convinced the majority that he did not get it because of his counsel's actions. It is true that it is difficult, and perhaps impossible to define with any precision, inadequate or ineffective legal representation. However, on this record, "we cannot say that the representation defendant received in this case was adequate or effective in any meaningful sense of the words." *(People v Droz,* 39 NY2d 457, 463.)

The judgment rendered on June 23, 1975, convicting the defendant, after trial (BLOOM, J.), of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment, with a minimum of 8⅓ years and a maximum of life, should be reversed, on the law, and a new trial ordered.

KUPFERMAN, J. P. (dissenting). I dissent and would affirm.

The defense was not inadequate within the standard set forth in *People v La Bree* (34 NY2d 257). In fact, it was innovative and dedicated.

The defendant was charged with a drug sale. He had a bad

record, and the evidence was strong. His counsel determined to concede that he was involved in policy and gambling, among other things, but that he had not made the specific sale on January 25, 1974 with which he was charged, and the evidence, cross-examination and other counsel activities were directed toward this end, which might very well have been successful. To take out of context language in the summation which was clearly an effort to show sincerity and making a clean breast of the situation while still asking for the one chance of reasonable doubt, is to ignore the reality with which counsel was faced. Hindsight in this case has the effect of blinders rather than perception.

BIRNS, EVANS, CAPOZZOLI and YESAWICH, JJ., concur in *Per Curiam* opinion; KUPFERMAN, J. P., dissents in an opinion.

Judgment, Supreme Court, Bronx County, rendered on June 23, 1975, reversed, on the law, and a new trial directed.