■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FAVREAU, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered December 14, 1979, upon a verdict convicting defendant of one count of attempted rape in the first degree. Defendant was indicted, tried and convicted of attempted rape in the first degree. He was sentenced to an indeterminate term of imprisonment with a maximum term of 12 years and a minimum term of six years. This appeal ensued. During the trial, the sole witness who was able to make an in-court identification of defendant as the assailant was the victim. Another witness who had observed the assailant was unable to positively identify the defendant at trial although he had previously made a photographic identification of him. The reliance of the defense was on alibi testimony. The victim was allowed to testify, over defendant's objection, to her prior photographic identification of defendant as her assailant. A police officer was also allowed to testify that the victim identified the defendant out of a photographic lineup. The rule is well settled in this State that a witness may not testify on direct regarding a photographic identification of the defendant *(People v Lindsay,* 42 NY2d 9, 12; *People v Griffin,* 29 NY2d 91, 93). The People do not argue that receipt of the evidence regarding the photographic identification of defendant was proper, but contend that any error was harmless. In order for admission of such evidence to be considered harmless error, however, the evidence of identity must be so strong that there is no substantial issue on the point or where an identification has been attacked as a recent fabrication *(People v Malloy,* 22 NY2d 559; *People v Caserta,* 19 NY2d 18). In our view, neither situation is present here. In this case, the sole witness to make an in-court identification of defendant was the victim, and he was previously unknown to her. Furthermore, there was no other evidence connecting defendant to the crime, and the defense relied upon alibi testimony. There was no attack on an identification as a recent fabrication. On this record, the error cannot be considered as harmless and, therefore, the judgment must be reversed (see *People v Robbins,* 38 NY2d 913; *People v Napoletano,* 58 AD2d 83). Having so concluded, we need not now consider defendant's remaining contentions. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.