█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 27, 1981, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In this case, only one of the three trial witnesses who were present at the scene of the crime identified defendant as one of those who had participated in the robbery. That witness, Fletcher Thompson, observed the robbery, which took place on the street at 3:00 A.M., from the window of his fourth floor apartment. He admitted that although he had known the defendant for four years, he had only seen him a "[c]ouple of times" during that period. Thompson had also identified one Anthony Moore as a participant in the robbery, but Moore, it turned out, was in Elmira Correctional Facility on the night in question. The two remaining trial witnesses, one of whom was called by the defense, testified that they were seated on a stoop several doors down from the robbery scene. While their versions of the events surrounding the robbery conflicted in certain respects, they both testified that the men who apparently were the participants in the robbery passed by them. Neither one, however, identified any of the participants. Significantly, the victim of the robbery never testified at the trial. During the trial the Assistant District Attorney elicited testimony from Detective John Skala which bolstered Thompson's identification. Skala had interviewed Thompson in connection with the original investigation of the crime. On cross-examination, Skala stated that although Thompson had identified defendant by name, he had not given a physical description of defendant. The Assistant District Attorney then asked Skala on redirect if there was a method of identification which was better than a physical description. He replied, "[a]n identification by name, by visually viewing a photographic lineup and picking out a photograph of an individual". It is well established that a witness may not testify to another's pretrial identification of the accused (*People v Trowbridge,* 305 NY 471). It is equally well established that a witness may not testify to a previous identification of the defendant from photographs (*People v Caserta,* 19 NY2d 18; *People v Cioffi,* 1 NY2d 70). In the instant case, while Detective Skala did not explicitly state that Thompson had identified a photograph of defendant, since the jury knew that Thompson had given defendant's name to the police, Skala's answer

could only have led the jury to the conclusion that Thompson had also picked out defendant's photograph. Inferential bolstering such as this has been previously found by this court to be reversible error (see *People v Osgood,* 89 AD2d 76, 82; *People v Hall,* 82 AD2d 838). The vagaries of eyewitness identification are well known (*United States v Wade,* 388 US 218, 228). While we are unable to conclude that the identification evidence at bar was insufficient as a matter of law to sustain the jury's determination of guilt, a significant issue as to identification was raised. In view of the fact that the People's evidence on this point was not overwhelming, we are not prepared to say that the jury would have reached the same verdict if Detective Skala's testimony were not before it (see *People v McCann,* 90 AD2d 554). Hence, a new trial is ordered. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.