■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HINES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Brown, J.), rendered May 15, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to be established.

A witness may not testify on the People's direct case regarding a photographic identification of the defendant; to do so constitutes improper bolstering (*see, e.g., People v Caserta*, 19 NY2d 18, 20-21; *People v Malloy*, 22 NY2d 559, 567; *People v Osgood*, 89 AD2d 76, 82-83). Inferential bolstering may also constitute reversible error, at least where the evidence on identification is not overwhelming (*see, e.g., People v Jones*, 96 AD2d 868; *People v Osgood, supra; People v Ross*, 79 AD2d 666).

The only testimony connecting defendant to the crime came from the two identification witnesses, neither of whom had known defendant previously, and one of whom was only "[p]retty sure" of her identification. That eyewitness testified

that she was asked to look at a reel of photographs in order to identify defendant's alleged accomplice. This was followed by the testimony of a police officer that he asked both eyewitnesses if they would be willing to look at photographs and that he then brought them to the detective squad room. The detective testified that on the same evening as the crime he concluded, after interviewing the eyewitnesses and using "another procedure", that he had a suspect, namely, the defendant. This same detective, in testifying about his investigation which focused solely on defendant, mentioned on at least one occasion that defendant had been "identified". The prosecutor emphasized the "police procedure" testimony in the course of his summation. Although the trial court acted promptly and properly in striking much of the above testimony, giving proper curative instructions and admonishing the police officer out of the presence of the jury that he could not testify to any out-of-court photographic identification of the defendant, it appears, nevertheless, that the jury, which at one point claimed to be deadlocked, was influenced by the above testimony since it asked the court for further information on the other "police procedures" used to determine that defendant was a suspect. Under these circumstances and in view of the serious issue as to identification of the defendant (*see, e.g., People v Caserta, supra; People v Ross, supra; People v Jones, supra*), a new trial is required. Additionally, the prosecutor's summation frequently passed the boundary of fair advocacy. He referred numerous times to robbers as cowards, to defendant as a coward and to the fact that defendant allegedly slept during the course of the trial. Also, as noted, he stressed the other "police procedures" which led to the selection of defendant as a suspect, clearly an attempt to have the jury infer that there was other evidence against defendant, of which they had not been told. The prosecutor's summation should have been restricted to the evidence presented. Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.