■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LAND, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Winick, J.), both rendered April 25, 1984, convicting him of (1) burglary in the second degree, under indictment No. 57180, upon a jury verdict, and (2) burglary in the second degree (two counts) under indictment No. 57603, upon his plea of guilty, and imposing sentences. The appeal from the judgment rendered on indictment No. 57180 brings up for review the denial (Murray, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are reversed, on the law and the matters are remitted for a new trial on indictment No. 57180 and for further proceedings on indictment No. 57603.

The complainant in indictment No. 57180 testified that she was lying in her bed awake when she heard noise at her open window, and she watched as two black hands appeared and pushed the window further open. The person outside then crawled under the window and entered the complainant's

bedroom with that part of his body above the waist. He and the complainant looked at each other briefly, the man said "there's somebody in here" and quickly left. The complainant identified the defendant as that person.

There was no direct evidence of the defendant's intent in climbing in the complainant's window. Although from his actions the jury could infer a criminal purpose, they were not required to do so and the trial court erred in refusing the defendant's request to submit to the jury a charge of criminal trespass (Penal Law § 140.10) which does not require a criminal intent (see, People v Henderson, 41 NY2d 233, 236-237).

It was also error to allow, over objection, the arresting officer's testimony which inferentially bolstered the complainant's identification (see, People v Ross, 79 AD2d 666; People v Jones, 96 AD2d 868). This error cannot be considered harmless in light of the proof which was less than overwhelming (see, People v Favreau, 77 AD2d 696) in this one-eyewitness identification case.

Lastly, in view of our reversal of the defendant's conviction on indictment No. 57180, we must also vacate the defendant's plea of guilty to indictment No. 57603 which was induced by the court's promise of a sentence concurrent with the one imposed for the conviction after trial (see, People v Fuggazzatto, 62 NY2d 862). Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.