■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEACON WINSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered June 12, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; the facts have been considered and are determined to have been established.

On the record before us, we are compelled to conclude that the defense counsel's performance was so woefully inadequate that the defendant was deprived of the "meaningful representation" of counsel to which he is constitutionally entitled *(see, People v Baldi,* 54 NY2d 137, 147).

The defendant's conviction of the crime of robbery in the first degree arose out of an incident which occurred during the early morning hours of August 28, 1984. The victim of the alleged robbery claimed that two men committed the robbery and that the defendant, who was one of the men involved, displayed a sawed-off shotgun during the course thereof.

The victim's identification of the defendant was far from certain. During the *Wade* hearing, the victim admitted that he was not 100% sure of his identification. At the trial, the victim testified that the defendant wore sneakers and shorts but he could not recall what the defendant wore on the top part of his body.

At the trial, the victim admitted that the defendant was actually several inches taller than the man he described to the police. The victim attempted to explain this discrepancy at trial by testifying that he was standing on a curb during the robbery which made the defendant seem shorter. However, at the *Wade* hearing, the victim testified that he was standing on a pathway and looking up during the robbery, and offered no

explanation when confronted with the same height discrepancy. Nevertheless, the defense counsel made no attempt to impeach the victim at trial with his prior *Wade* hearing testimony on this key issue. Indeed, the defense counsel compounded this mistake when he failed to object to the admission into evidence of patently improper trial testimony of a prosecution witness, i.e., a detective, to the effect that he showed the victim photographs and, as a result, obtained the defendant's name and address *(see, People v Trowbridge,* 305 NY 471; *People v Caserta,* 19 NY2d 18; *People v Jones,* 96 AD2d 868). These blunders were clearly the result of a lack of preparation, since no possible tactical reason can be offered to justify them. Similar conduct has been deemed evidence of ineffective assistance of counsel *(see, People v Karamanites,* 104 AD2d 899).

Nor did defense counsel's performance improve during his summation. In an extremely short, but otherwise rambling and incoherent summation, the defense counsel utterly failed to focus in on the only basis for a reasonable doubt in the case, i.e., the defendant's possible misidentification by the victim. Instead, after declining the court's offer to charge the jury on the defendant's right not to testify, the defense counsel suggested in his summation to the jury that his client would have lied if he had testified. In addition, despite the victim's unimpeached testimony that he saw a shotgun displayed during the robbery and was familiar with what a shotgun looked like, the defense counsel, in his summation to the jury, advanced, at some length, the implausible theory that a shotgun was not used during the robbery. In short, the summation was, in effect "an argument for the conviction of the defendant" *(People v Duke,* 58 AD2d 31, 33).

As a result of counsel's actions, the defendant did not receive a fair trial. On this record "we cannot say that the representation defendant received in this case was adequate or effective in any meaningful sense of the words" *(People v Droz,* 39 NY2d 457, 463). Counsel's representation fell below the objective standard of reasonableness and accordingly, the defendant's judgment of conviction must be reversed and a new trial ordered *(see, People v Karamanites, supra).* Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.