■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE T. VANTERPOOL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered March 18, 1986, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

With respect to the defendant's claim that he was denied effective representation of counsel, we note that the defendant's sole expression of dissatisfaction with his attorney's trial advocacy in this nonjury case concerns the quality of counsel's summation. While counsel's summation was decidedly lacking in clarity, review of his performance in its entirety, in conjunction with the evidence, the law, and the circumstances of the case (see, People v Baldi, 54 NY2d 137, 147, on remand 87 AD2d 843, appeal after remand 96 AD2d 212), reveals that defendant received the effective assistance of counsel to which he was constitutionally entitled.

The dissent misconstrues the standard to be applied to allegations of ineffective assistance by highlighting a single aspect of counsel's performance, thereby eschewing the fundamental precept that counsel's representation must be viewed in its totality before it can be branded as constitutionally defective (see, People v Baldi, supra; see also, People v Strempack, 71 NY2d 1015; People v Montana, 71 NY2d 705; People v Lane, 60 NY2d 748; People v Rose, 57 NY2d 837, rearg denied 58 NY2d 779; People v Tommaselli, 102 AD2d 943). It is notable in this respect, that with the exception of counsel's summation, the defendant has not even attempted to argue that his attorney's advocacy during the trial was anything less than fully effective. Indeed, the record reveals that defense counsel, among other things, ably cross-examined the People's witnesses, presented his own witnesses and competently eli-

cited the defendant's exclupatory version of the events surrounding the shooting, which testimony, it is notable, is relied upon by the defendant on appeal, arguing in his first appellate point that his guilt was not proven beyond a reasonable doubt. Significantly, neither the defendant in his brief, nor our colleague in his dissent, has identified a specific passage in the summation in which counsel committed arguably indefensible errors, such as the making of concessions or admissions palpably damaging to the defendant's case (see, e.g., *People v Wilson*, 133 AD2d 179; *People v Ofunniyin*, 114 AD2d 1045; *People v Wagner*, 104 AD2d 457).

Moreover, the dissenter's reliance upon, and extensive quotation from, the Supreme Court's decision in *Herring v New York* (422 US 853) is inapposite, since in that case the court had before it, and ultimately struck down, a statute—former CPL 320.20 (3) (c)—which empowered a Trial Judge in a nonjury case to dispense with closing arguments altogether. While we have no quarrel with the dissenter's contentions in respect to the import of a defense counsel's summation, the pertinent inquiry presented at bar is whether, when viewed in its totality, the defense counsel's representation was constitutionally adequate. When measured against the foregoing standard, it is clear that the defendant received the effective assistance of counsel.

We have considered the defendant's remaining contention and find it to be without merit. Rubin, J. P., Kooper and Sullivan, JJ., concur.

Balletta, J., dissents and votes to reverse the judgment appealed from, with the following memorandum: While acknowledging that defense counsel's summation in this case "was decidedly lacking in clarity", the majority would nevertheless affirm the conviction finding that the defendant received the effective assistance of counsel. I disagree.

A review of the case law has failed to reveal a decision which has held that defense counsel's summation deficiency, standing alone, constituted ineffective assistance of counsel warranting reversal. On the other hand, there is nothing in the case law to preclude such a finding.

The right to counsel, as guaranteed by the Federal and State Constitutions, means the right to the effective assistance of counsel (US Const 6th Amend; NY Const, art I, § 6; *People v Medina*, 44 NY2d 199, 207). What constitutes effective assistance is determined on a case-by-case basis. An act or omission by counsel may constitute reversible error in one case, but not

in another *(People v Aiken,* 45 NY2d 394, 399). The courts will look at the totality of the evidence, the law and the circumstances of a particular case in order to determine whether there has been meaningful representation *(People v Satterfield,* 66 NY2d 796). The "most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi,* 54 NY2d 137, 146).

In this case, which was tried before a Judge without a jury, the summation of counsel was unfocused, incoherent, and virtually impossible to understand. In my view, it amounted to no summation whatsoever, and should not be lightly brushed aside as a mere error in trial strategy but should be recognized for what it is, true ineffectiveness.

A defendant is entitled to the assistance of counsel at all critical stages of a criminal prosecution *(People v Samuels,* 49 NY2d 218, 221; *People v Settles,* 46 NY2d 154, 165), including summation at the close of a criminal trial *(Herring v New York,* 422 US 853). "There can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial * * * [I]t has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge" *(Herring v New York, supra,* at 858).

In the *Herring* case, the United States Supreme Court, in striking down as unconstitutional a New York statute which allowed the trial court in nonjury cases to prohibit summation, stressed the importance to the defendant of an effective closing argument:

"It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt. See *In re Winship,* 397 U. S. 358.

"The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will

best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important then the opportunity finally to marshal the evidence for each side before submission of the case to judgment. * * *

"But there can be no justification for a statute that empowers a trial judge to deny absolutely the opportunity for any closing summation at all. The only conceivable interest served by such a statute is expediency. Yet the difference in any case between total denial of final argument and a concise but persuasive summation could spell the difference, for the defendant, between liberty and unjust imprisonment.

"Some cases may appear to the trial judge to be simple— open and shut—at the close of the evidence. And surely in many such cases a closing argument will, in the words of Mr. Justice Jackson, be 'likely to leave [a] judge just where it found him.' But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict" (Herring v New York, supra, at 862-863).

While it may be said that in a nonjury case the judge already knows the facts, the court in the Herring case observed that a closing argument may be even more important in a bench trial than in a jury trial: "the 'collective judgment' of the jury 'tends to compensate for individual shortcomings and furnishes some assurance of a reliable decision.' * * * In contrast, the judge who tries a case presumably will reach his verdict with deliberation and contemplation, but must reach it without the stimulation of opposing viewpoints inherent in the collegial decision-making process of a jury" (Herring v New York, supra, at 863-864, n 15).

The New York courts have also recognized that the right to an effective summation is inherent in the right to a fair trial (People v Ashwal, 39 NY2d 105; People v Bacalocostantis, 111 AD2d 991; People v Reina, 94 AD2d 727; People v Richards, 67 AD2d 893; People v Marcelin, 23 AD2d 368).

In this case, the defendant, through his attorney, did not waive his right to summation and therefore was entitled to anticipate the kind of summation which would clearly and concisely place before the court his major contentions. The rambling and incoherent gibberish which the defendant's counsel sought to pass off as a summation did not serve that purpose. Defense counsel's closing argument was in no way

helpful to his client's cause, and could be likened more to " 'an argument for the conviction of the defendant' " *(People v Winston,* 134 AD2d 546, 547; *People v Duke,* 58 AD2d 31).

Accordingly, I would reverse and order a new trial.