■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RICHARD CULPEPPER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered December 17, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and the defendant's statements to law enforcement authorities.

Ordered that the judgment is affirmed.

According to the testimony of the arresting officer, as he and his partner were in the process of approaching a parked vehicle which was missing a rear license plate in order to make inquiries, the officer observed the defendant drop what appeared to be a bag containing vials of crack cocaine. This officer immediately seized the alleged contraband and placed the defendant under arrest, at which point a gun was discovered on the defendant's person.

The defendant urges this Court to reverse the determination of the hearing court denying suppression of the physical evidence and the defendant's subsequent statements on the ground that the arresting officer's testimony was incredible and hence of no evidentiary value (see, People v Garafolo, 44 AD2d 86, 88). However, we find no basis to disturb the factual findings of the hearing court (see, People v Armstead, 98 AD2d 726).

There is nothing in the record to indicate that the officers' approach of the vehicle for the purported purpose of investigating the missing rear license plate was a mere pretext to investigate criminal activity. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.