■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WOLFOLK, Appellant. [596 NYS2d 715] —Appeal by the defendant from two judgments of the County Court, Nassau County (Boklan, J.), both rendered August 16, 1985, convicting him of burglary in the second degree under Indictment No.

59130 and attempted burglary in the second degree under Indictment No. 58741, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motions which were to suppress statements made by him to law enforcement authorities.

Ordered that the judgments are affirmed.

The defendant contends that his confessions should have been suppressed. However, great weight must be accorded the determination of the hearing court and its factual findings should not be disturbed unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759, 761; People v Culpepper, 188 AD2d 543; People v Armstead, 98 AD2d 726; People v Garafolo, 44 AD2d 86). We conclude that suppression of the defendant's confessions was properly denied because the credible evidence supports the court's finding that there were no promises made to the defendant of nonprosecution prior to his confessions which would have created a substantial risk that he might falsely incriminate himself (see, CPL 60.45 [2] [b] [i]; People v Perry, 77 AD2d 269, 273; People v Diaz, 77 AD2d 523, 525, affd 54 NY2d 967, cert denied 455 US 957).

In light of our determination, we reject the defendant's remaining claim that he should be permitted to withdraw his plea under Indictment No. 58741 (see, People v Fuggazzatto, 62 NY2d 862; People v Land, 131 AD2d 883). Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.