■ WALTER G. FISCHER, as Assignee of JANE G. BROWN, Executrix of AMES BROWN, Deceased, Appellant-Respondent and Counterclaim Defendant, v PANASIAN COMMUNICATIONS, INC., et al., Respondents-Appellants. [624 NYS2d 796] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about September 28, 1993, unanimously affirmed for the reasons stated by Lobis, J., without costs and disbursements. No opinion. Concur—Sullivan, J. P., Ellerin, Ross, Asch and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Appellant. [622 NYS2d 245] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered March 23, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years and 7½ to 15 years, respectively, unanimously affirmed.

Since most of the statements of the prosecutor during voir dire and summation which defendant now challenges were not objected to by defense counsel at trial, defendant's arguments have not been preserved for review on appeal (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641), and we decline to review in the interest of justice. Further, counsel did not object in those instances where the court, *sua sponte,* provided curative instructions nor did he move for a mistrial. Accordingly, such current challenges have not been preserved for review *(People v Comer,* 73 NY2d 955).

In any event, contrary to defendant's contention, the comments of the prosecutor did not assert that he was the final arbiter of the truth, and did not improperly appeal to the jurors' sympathy. Nor did the prosecutor vouch for his witnesses' credibility. Although the fleeting remark labeling defendant a "coward" was improper *(People v Hines,* 112 AD2d 316, 317), and the prosecutor, at times, strayed from the four corners of the evidence, his conduct did not amount to a persistent pattern of misconduct warranting reversal, particularly in light of the overwhelming evidence of defendant's guilt *(People v Ketchum,* 35 NY2d 740, *cert denied* 420 US 928). Concur—Sullivan, J. P., Ellerin, Ross, Asch and Williams, JJ.