■ The People of the State of New York, Respondent, v Omar Vanegas, Appellant. [641 NYS2d 304] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered April 16, 1993, convicting defendant, after a jury trial, of robbery in the first degree and criminal mischief in the third degree, and sentencing him to concurrent terms of 5 to 15 years and $1\frac{1}{3}$ to 4 years, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620), it was legally sufficient to establish defendant's guilt of the crimes of which he was convicted. It was not necessary for the People to introduce the proceeds of the robbery or the weapon used to commit it in order to prove defendant's guilt beyond a reasonable doubt (*People v Washington*, 191 AD2d 278). Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]). Al-

though defendant challenges the credibility of the complainant, such credibility issues were for the jury to resolve (*People v Gaimari*, 176 NY 84, 94), and we find no basis to disturb its determination.

Defendant's contention that he was deprived of a fair trial by the hostile atmosphere created by the court is unpreserved as a matter of law (CPL 470.05 [2]; *People v Charleston*, 56 NY2d 886). In any event, rather than showing favoritism for the prosecution, the court, in questioning the foreign born complainant, was merely attempting to clarify his responses (*see, People v De Jesus*, 42 NY2d 519, 523). Nor did the court err in admonishing defense counsel when he referred to extraneous and prejudicial matters (*see, People v Marcelin*, 23 AD2d 368). Although some of the court's admonitions to counsel would better have been made outside the jury's presence, defendant was not thereby deprived of a fair trial.

The summation of the prosecutor constituted fair comment on the evidence and a fair response to the summation of defense counsel (*People v Galloway*, 54 NY2d 396).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.