■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH SPENCE, Appellant. [730 NYS2d 105] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered December 22, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility (*see, People v Gaimari*, 176 NY 84, 94). The jury reasonably credited testimony by defendant's fellow employees that defendant robbed his place of employment, and properly rejected the "frame-up" theory posited by defendant.

The court properly admitted, as an excited utterance, the tape of a 911 call placed by the store's manager immediately after the robbery. The surrounding circumstances warrant the conclusion that the 911 call was made under the influence of the stress caused by the robbery and was not made under the impetus of studied reflection (*see, People v Edwards*, 47 NY2d 493, 496-497).

Defendant's motion to set aside the verdict on the grounds of newly discovered evidence (CPL 330.30 [3]) and failure to disclose exculpatory evidence (*Brady v Maryland*, 373 US 83) was properly denied. As the trial court properly held after a hearing, there was no reasonable possibility that the verdict would have been affected by newly discovered telephone records showing that a person other than defendant made a telephone call to the store at a particular time shortly before the robbery. Although defendant argues that this evidence undermines the credibility of testimony that defendant made an incriminating phone call at that time, this evidence was entirely consistent

with the possibility that defendant also phoned the store at approximately the same time as the other call.

The court properly denied defendant's motion to set aside the verdict on the ground of jury misconduct (CPL 330.30 [2]). The court's careful inquiry was sufficient to establish that there had been no improper experimentation.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rubin, J. P., Saxe, Buckley and Friedman, JJ.