THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY KIM, Appellant. [921 NYS2d 291]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered April 2, 2008, convicting him of attempted burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of attempted burglary in the second degree, vacating the sentence imposed thereon, and dismissing the first count of the indictment with leave to the People to re-present any appropriate charges to another grand jury (see People v Beslanovics, 57 NY2d 726, 727 [1982]); as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). In addition, contrary to the defendant's contention, a recording of the complainant's 911 call was properly admitted into evidence as an excited utterance (see People v Prashad, 297 AD2d 352 [2002]; People v Wine, 279 AD2d 424 [2001]; People v Spence, 286 AD2d 617 [2001]).

Nevertheless, we find that the Supreme Court improvidently exercised its discretion in failing to submit to the jury the crime of attempted criminal trespass in the second degree as a lesser included offense of attempted burglary in the second degree (see CPL 300.50 [1]). As the defendant correctly contends, this issue has been preserved for appellate review (see CPL 470.05 [2]; People v Feingold, 7 NY3d 288, 290 [2006]; People v Berry, 49 AD3d 888, 889 [2008]). Viewed in the light most favorable to

the defendant, there is a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense of attempted criminal trespass in the second degree but did not commit the greater offense of attempted burglary in the second degree (*see People v Henderson*, 41 NY2d 233, 236-237 [1976]; *People v Land*, 131 AD2d 883 [1987]; *see also People v Devonish*, 6 NY3d 727, 728 [2005]).

The complainant testified that at about 11:30 A.M. on the day of the incident, he heard a loud banging on the back door of his residence, which sounded like it was being kicked in. As he approached the door, it flew open and he saw the defendant and codefendant standing by the doorway. Upon seeing the complainant, the defendant and codefendant ran away. No burglar's tools were recovered or found at the premises. The defendant testified at trial that he and the codefendant were walking around the neighborhood and getting high from smoking marijuana when they came upon the complainant's home, where the codefendant decided to relieve himself in the driveway. According to the defendant's testimony, the codefendant went around to the back of the house and the defendant went back there when he heard banging from behind the house. The defendant saw the codefendant banging on the back door. As they were standing there, with the codefendant banging on the door, it opened, they saw the complainant, and they ran away.

Under the facts adduced at trial, there was no direct evidence of the defendant's intent at the time he stood by the doorway. Although the jury could infer a criminal purpose, they were not required to do so and they could have reasonably found that the defendant lacked the intent to commit a crime inside the dwelling (*see People v Henderson*, 41 NY2d at 237; *People v Land*, 131 AD2d at 884). The jury could have concluded that the attempted entry was a spontaneous act of mischief on the part of the defendant, who testified that he was high from smoking marijuana and went around to the back of the house only after hearing his codefendant banging on the back door. The jury could have decided that the defendant never intended to commit a larceny in the complainant's dwelling, but was motivated, instead, by another purpose, such as, for example, "to engage in an act of mischief not larcenous in nature" (*People v Henderson*, 41 NY2d at 237). Accordingly, we modify the judgment to vacate the conviction of attempted burglary in the second degree and the sentence imposed thereon. Inasmuch as the conviction of attempted burglary in the second degree was, in and of itself, a conviction of a lesser-included offense under count one of the indictment, we dismiss that count of the indictment with leave

to the People to re-present any appropriate charges to another grand jury (*see People v Gonzalez*, 61 NY2d 633 [1983]; *People v Beslanovics*, 57 NY2d 726, 727 [1982]; *People v Porter*, 77 AD3d 771, 773 [2010]).

In light of the foregoing, we need not reach the defendant's remaining contention that his sentence for attempted burglary in the second degree was excessive. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.