■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered January 23, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After reviewing the evidence adduced at trial in the light most favorable to the prosecution, as we must, and giving it the benefit of every reasonable inference to be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766, 768; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the People proved beyond a reasonable doubt that the defendant committed the robbery *(see, People v Contes,* 60 NY2d 620, 621). It is within the province of the jury to resolve questions of credibility, including the accuracy of an eyewitness identification *(see, People v Batts,* 111 AD2d 761, 762; *People v Herriot,* 110 AD2d 851). Similarly, the jury is the proper body to consider inconsistencies found in the testimony of witnesses and accord them the appropriate weight *(see, People v Di Girolamo,* 108 AD2d 755; *People v Cook,* 99 AD2d 552). Significantly, in the case at bar, three witnesses, including a disinterested one, placed the defendant at the scene of the robbery either during or immediately after its commission. Moreover, two of the witnesses claimed that they recognized the defendant from seeing him on prior occasions. By the defendant's own testimony, he regularly patronized the complainant's store until the time of his arrest. Thus, there does not appear to be any question of misidentification, as the defendant has urged.

Nor was the alibi testimony particularly convincing since the defendant's mother could not actually account for his whereabouts at 6:40 A.M. on July 17, 1983, the time of the crime. Furthermore, his girlfriend, who testified that she was sleeping with the defendant at that time, had consumed beer and rum and had smoked marihuana at a party several hours before the robbery and admitted that she slept soundly from approximately 4:00 A.M. until 11:00 A.M. on July 17, 1983.

With respect to the admissibility of the UF-61 police report prepared by Officer Horton which was based upon information provided by the complainant, we note at the outset that the issue has been preserved for our review by virtue of defense

counsel's offer of the document into evidence *(see,* CPL 470.05 [2])). However, a decision by the Trial Judge to exclude such evidence is reviewable only to the extent that it constitutes an abuse of discretion *(see, People v Duncan,* 46 NY2d 74, 80, *cert denied* 442 US 910). Here there was no such abuse since the defendant failed to lay a proper foundation for the admission of the report *(see, People v Duncan, supra,* p 81).

We have considered the defendant's contentions with respect to the court's charge and find them to be unpreserved for review *(see, People v Hoke,* 62 NY2d 1022), and, in any event, without merit *(see, People v Seabrooks,* 120 AD2d 691). Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.