THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J., at trial; McInerney, J., at sentence), rendered January 31, 1983, convicting him of possession of gambling records in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his guilt was proven beyond a reasonable doubt. Police officers observed the defendant sitting in a parked car talking with a woman who appeared to pass money through the window to him. The defendant had a pen in his hand. The officers approached the defendant's car to "see what was going on" and saw on the dashboard slips of paper with numbers and letters "T" and "H" on them. Based upon their experience and training, the

police knew the papers to be illegal gambling policy slips, and the defendant was placed under arrest. A subsequent search of his car disclosed additional policy slips. An expert witness testified that the seized slips represented over 500 plays. This evidence sufficed to establish the defendant's guilt of possession of gambling records in the first degree. Although there were minor discrepancies in the testimony of the People's witnesses, "the jury is the proper body to consider inconsistencies found in the testimony of witnesses and accord them the appropriate weight" *(People v May,* 122 AD2d 168).

The defendant's assertion that the trial court should have suppressed the gambling slips is similarly without merit. The evidence seized was either in plain view *(see, People v Landy,* 59 NY2d 369; *People v Evans,* 106 AD2d 527) or was discovered in a search incidental to a valid arrest *(see, People v Denti,* 44 AD2d 44). The defendant's "poisonous fruit" contention lacks merit.

Also without merit is the defendant's contention that he was not provided effective assistance of counsel. Counsel's failure to request a *Mapp* hearing does not, in and of itself, constitute ineffective assistance of counsel *(see, People v Hill,* 122 AD2d 810). Defense counsel vigorously attacked the People's case and elicited inconsistencies in the testimony of the People's witnesses. Viewing the record as a whole, the defendant was provided with meaningful representation *(see, People v Satterfield,* 66 NY2d 796; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803).

Furthermore, the defendant's arguments regarding the remarks by the trial court are not preserved for our review and, in any event, do not warrant reversal. A trial court is permitted to intervene to ensure that the case is presented intelligibly to the jury *(see, e.g., People v Yut Wai Tom,* 53 NY2d 44). "A correct verdict is not assured at the hands of an unbiased, though bewildered, jury" *(People v De Jesus,* 42 NY2d 519, 523).

The defendant's remaining contentions are without merit. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.