■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSE HERNANDEZ, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Pincus, J.), all rendered December 3, 1984, convicting him (1) of murder in the second degree, manslaughter in the first degree, assault in the second degree and criminal possession of a weapon in the second degree under indictment No. 45/84, upon a jury verdict, and imposing sentence, (2) of attempted murder in the second degree, under indictment No. 57/84, upon a plea of guilty and imposing sentence, and (3) of attempted escape in the first degree, under indictment No. 2621/84, upon a plea of guilty, and imposing sentence. The appeal from the judgment under indictment No. 45/84 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification evidence.

Ordered that the judgment under indictment No. 45/84 is modified, as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence imposed on the conviction of murder in the second degree from 25 to 20 years; as so modified, the judgment is affirmed; and it is further,

Ordered that the judgments under indictments Nos. 57/84 and 2621/84 are affirmed.

With regard to indictment No. 45/84, we find that the People's failure to preserve a record of the photographic arrays which were shown to witnesses Diaz and Serrano, combined with the People's failure to present the testimony of the officer who conducted such arrays, gave rise to an inference that the arrays were suggestive. We also find that the People failed to rebut this inference of suggestiveness *(see, People v Johnson,* 106 AD2d 469). Nevertheless, the evidence of the witnesses' opportunity to view the defendant during the course of the crime was sufficient to establish an independent basis for in-court identification testimony by Serrano and Diaz *(see, People v Adams,* 53 NY2d 241).

The defendant argues that that lineup identification by Diaz was tainted by the suggestive photo array. We disagree. The hearing court found that the photographic array was not again shown to Diaz immediately prior to the lineup. "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" *(People v Prochilo,* 41 NY2d 759, 761). Accordingly, we find that the lineup identification by Diaz, which was made months after the photographic procedure, was sufficiently attenuated and was not in itself suggestive *(see, People v Johnson, supra; People v Floyd,* 122 AD2d 71).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The trial court did not abuse its discretion in denying the defendant's request to admit certain police reports into evidence since the defendant failed to lay a proper foundation for the admission of such reports *(see, People v May,* 122 AD2d 168, *lv denied* 68 NY2d 1002). Nor did the trial court abuse its discretion in denying the defendant's application for an adjournment *(see, People v Daniels,* 128 AD2d 632, *lv denied* 70 NY2d 645).

The defendant has failed to preserve for appellate review his claim that the court denied him his right to a public trial by closing the courtroom during its charge to the jury *(see, People v Gilchrist,* 139 AD2d 663). In any event, this contention is without merit *(see, People v Colon,* 71 NY2d 410).

The court did not err in charging that the defendant was an interested witness or in refusing to charge that the People's witnesses were interested as a matter of law *(see, People v Hamma,* 130 AD2d 763, *lv denied* 70 NY2d 647). Nor did the court err in refusing to charge second degree manslaughter (Penal Law § 125.15 [1]) as a lesser included offense to murder in the second degree since there is no reasonable view of the evidence which would have permitted the jury to conclude that the defendant acted recklessly *(see, People v Glover,* 57 NY2d 61). Furthermore, the court adequately instructed the jury on the issue of identification *(see, People v Beasley,* 114 AD2d 415, *lv denied* 66 NY2d 917).

Contrary to the defendant's contention, the trial court did not improperly limit defense counsel's summation *(cf., People v Reina,* 94 AD2d 727). The court properly instructed the jury "not to speculate, however, as to fingerprints or anything else" after defense counsel argued in summation that the defendant "was supposed to be back by the refrigerator. Well did you hear anybody say anything about fingerprints?" The defendant's reliance upon *People v Rodriguez* (141 AD2d 382) is misplaced. In *Rodriguez* a police fingerprint technician testified that no fingerprints were found on a gun. A key part of the defense strategy was to contend that the lack of fingerprints corroborated the defendant's testimony that he never possessed the gun. Accordingly, it was error for the trial court to instruct the jury, that they should "Forget the

fingerprints" and "ignore" the fingerprint defense. The instant case is distinguishable from *Rodriguez* since at bar there was no testimony concerning fingerprints or the lack thereof.

We find that the defendant was not denied the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

We also find that the trial court did not abuse its discretion in denying the defendant's request to withdraw his guilty plea under indictment No. 57/84 *(see, People v Stubbs,* 110 AD2d 725). We however find that the sentence imposed under indictment No. 45/84 was excessive to the extent indicated.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.