■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered June 11, 1987, convicting him of assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the fourth degree, and criminal use of a firearm in the second degree and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was involved in a confrontation between two groups of youths which resulted in one youth's wounding as a result of a shotgun blast.

The defendant's contention that he was denied the right to

confront witnesses at the *Wade* hearing, thus violating his constitutional rights, is without merit. Evidence indicates that the defendant was known to the People's three witnesses prior to the crime, and thus the identification procedure was " 'merely confirmatory' " *(People v Johnson,* 124 AD2d 748, 749; *People v May,* 122 AD2d 168). Although generally, a defendant should be permitted to examine witnesses at a *Wade* hearing regarding the circumstances surrounding the identification procedure *(see, People v Ocasio,* 134 AD2d 293), at bar, the defendant did not call witnesses when he had the opportunity to do so at the hearing.

The defendant's contentions respecting prosecutorial misconduct are either unpreserved for our review or without merit. It is well settled that a prosecutor, in summation, is permitted fair response to defense counsel's summation *(see, People v Anthony,* 24 NY2d 696; *People v Seldon,* 128 AD2d 742; *People v Oakley,* 114 AD2d 473), which is what occurred in this case.

We have reviewed the defendant's remaining contentions and find them without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.