■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WALLACE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 19, 1987, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing consecutive indeterminate terms of 8⅓ to 25 years' imprisonment and 5 to 15 years' imprisonment, respectively.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment shall run concurrently with one another; as so modified, the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court failed to maintain its role as an impartial arbiter. Admittedly, the role of the Trial Judge is not that of an advocate but that of one whose "function is to clarify the issues and to facilitate the orderly and expeditious progress of the proceedings" *(People v Robinson,* 137 AD2d 564; *see also, People v Yut Wai Tom,* 53 NY2d 44). We note, however, that any issue of law with

respect to the defendant's claim was not preserved for appellate review (see, CPL 470.05 [2]). In any event, the claim is meritless. For example, when the defense counsel invited the jury to speculate as to why no fingerprint evidence was introduced at trial, it was not error for the trial court to interrupt the defense counsel's summation and instruct the jury not to speculate on such matters (see, People v Hernandez, 143 AD2d 842, 844-845).

The defendant also contends that the sentencing court erred when it imposed consecutive indeterminate terms of imprisonment. We agree. At bar, the several counts brought against the defendant were all related to one inseparable event—the defendant's attack upon the victim (see, People v Walsh, 44 NY2d 631, 635; People v Claudio, 130 AD2d 759; People v Maldonado, 127 AD2d 855). The mere fact that the defendant possessed the gun immediately prior to the attack did not establish sufficient proof of a separate and distinct act so as to justify the imposition of consecutive sentences (cf., People v Robbins, 118 AD2d 820). Consequently, the sentences imposed herein must run concurrently (see, Penal Law § 70.25), and the judgment is modified accordingly.

We have considered the defendant's remaining contentions and find them to be without merit or unpreserved for appellate review. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.