■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MILLER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County, (Mackston, J.), rendered April 15, 1988, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred when it limited the defense counsel's summation by prohibiting comment on the failure of a prosecution witness to corroborate the complainant's testimony regarding destruction of property inside a bar, a crime of which the defendant was not charged. We disagree. The defense counsel's closing argument was not unjustifiably limited and the Trial Judge did not repeatedly interrupt his summation *(see, People v Brown,* 136 AD2d 1, 16, *lv denied* 72 NY2d 857, *cert denied* 488 US 897; *People v Reina,* 94 AD2d 727). In particular, the appellant's claim that the defense counsel was improperly prohibited from commenting on the failure of a prosecution witness to corroborate the complainant's testimony that the defendant damaged certain property at the scene of the crime is without merit. Neither the prosecution nor the defense elicited testimony from the witness on the collateral issue of whether or not he observed property damage *(cf., People v Reina, supra,* at 727-728).

The defendant's contention that his conviction of assault in the second degree requires the dismissal of his conviction of criminal possession of a weapon in the fourth degree is without merit inasmuch as criminal possession of a weapon in the fourth degree as defined in Penal Law § 265.01 (2) is not an inclusory concurrent count of assault in the second degree as defined in Penal Law § 120.05 (2) *(see,* CPL 300.30 [4]; *People v Green,* 56 NY2d 427; *People v Glover,* 57 NY2d 61; *People v Acevedo,* 40 NY2d 701; *People v Mason,* 128 AD2d 812).

We have reviewed the defendant's remaining contentions

and find them to be either unpreserved for appellate review or without merit. Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.