■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS AGUILERA, Appellant.—Judgment, Supreme Court,

Bronx County (Frank Blangiardo, J.), rendered November 1, 1982, convicting defendant, after a jury trial, of murder in the second degree, and upon his pleas of guilty, of robbery in the first degree and sexual abuse in the first degree, sentencing him to concurrent indeterminate prison terms of, respectively, twenty years to life, five to fifteen years, and two to six years, unanimously affirmed.

Upon defendant's trial for murder, the prosecutor introduced defendant's statements in which he admitted renting a room to use in the murder and assisting an accomplice with the device used to strangle the victim. In its final instructions to the jury, the court commented on the summation arguments as follows: "You are to disregard the personal opinion of counsel as to the merits of some particular bit of evidence or testimony. That's his opinion and *may not necessarily be yours.*" (Emphasis added.)

Contrary to defendant's contentions on this appeal, this comment cannot be escalated to the level of a direction to disregard the arguments and theories of counsel in summation, an instruction which has been condemned as judicial overreaching *(cf., People v Vasquez,* 159 AD2d 262; *People v Reina,* 94 AD2d 727). The court's observation here referred only to counsels' opinions, and the second sentence clearly left it open to the jury to accept or reject those opinions in the course of its deliberations.

We would also note that defendant's appellate objection to the instruction was not preserved *(People v Vasquez, supra).* Concur—Rosenberger, J. P., Wallach, Kupferman and Smith, JJ.