■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE BARREAU, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered May 29, 1990, convicting him of criminal possession

of a forged instrument in the second degree (four counts) and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. With respect to the forgery convictions, the evidence established that on four separate occasions the defendant altered or possessed a check that he knew to be forged with the intent to defraud another individual. Contrary to the defendant's claim, it is irrelevant that he signed his own name to the checks in question, which bore his name and address, since a forgery exists as long as the actual drawer of the check is someone other than the ostensible drawer *(see, People v Levitan,* 49 NY2d 87, 90; *Kraker v Roll,* 100 AD2d 424, 430). The evidence elicited at the trial clearly showed that the account on which the checks were drawn was a Citibank ready-credit account which belonged to another individual who had the same name as the defendant. The defendant, without this person's knowledge or consent, arranged to change the address on the account to reflect his own address. Thereafter he drew checks from that account which he deposited in his accounts at other banks. With respect to the grand larceny count, the People's proof further showed that after depositing two of these checks, the defendant made several withdrawals in excess of $1000 during the period before Citibank returned the two checks unpaid.

Contrary to the defendant's contention, the trial court did not improperly limit defense counsel's summation. The defense counsel was interrupted by the court only when he made arguments not "firmly grounded in testimony elicited during the trial" *(People v Reina,* 94 AD2d 727, 728; *see also, People v Miller,* 168 AD2d 642; *People v Hernandez,* 143 AD2d 842) and in most instances, the court's interjections were in response to objections raised by the prosecutor *(cf., People v Reina, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.