■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN TURNER, Appellant. [623 NYS2d 271] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered August 25, 1992, convicting him of murder in the second degree (four counts), attempted murder in the second degree, robbery in the first degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court acted within its discretion when it limited defense counsel's cross examination of the People's rebuttal witness *(see, People v McGriff,* 201 AD2d 672; *People v Rodriguez,* 191 AD2d 723; *People v Ashner,* 190 AD2d 238, 246). The court also properly prevented defense counsel from raising the issue of fingerprint evidence during summation since there was no testimony at trial concerning fingerprints or the lack thereof *(see, People v Miller,* 168 AD2d 642; *People v Hernandez,* 143 AD2d 842; *People v Reina,* 94 AD2d 727) and from commenting during summation on the absence of a witness whose testimony would have been cumulative *(see, People v Kitching,* 78 NY2d 532; *People v Williams,* 133 AD2d 717).

Contrary to the defendant's contention, the court's charge to the jury was adequate because the charge as a whole properly defined the concept of reasonable doubt *(see, People v Canty,* 60 NY2d 830; *People v Taik Kwung,* 186 AD2d 365; *People v Jones,* 156 AD2d 718).

The court properly rendered consecutive sentences for the convictions of attempted murder in the second degree and robbery in the first degree since the offenses were committed through separate and distinct acts *(see, People v Brown,* 80 NY2d 361, 364; *People v Brathwaite,* 63 NY2d 839, 843). Finally, there is no merit to the defendant's contention that

his sentence was unduly harsh and excessive *(see, People v Suitte,* 90 AD2d 80). Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.