Kevin **TURNER**, Petitioner–Appellant,

v.

Christopher **ARTUZ**, Respondent–Appellee.

No. 1275.

Docket 00–3567.

United States Court of Appeals, Second Circuit.

Argued June 29, 2001.

Decided Aug. 13, 2001.

Steven A. Feldman, Feldman and Feldman, Roslyn, NY, (Arza Rayches Feldman, on the brief), for Petitioner–Appellant.

Camille O'Hara Gillespie, Assistant District Attorney, Brooklyn, NY, (Charles J. Hynes, District Attorney for Kings County, NY, Leonard Joblove, Victor Barall, Assistant District Attorneys, on the brief), for Respondent–Appellee.

Before MINER, JACOBS, POOLER, Circuit Judges.

PER CURIAM:

By order of this Court dated July 10, 2000, petitioner-appellant Kevin Turner was denied authorization to file a successive habeas petition raising two claims— that the prosecution (1) displayed to the jury inflammatory photos of the victims, and (2) vouched on summation for the truthfulness of a witness-which had been raised in a prior petition and were dismissed as procedurally forfeited. The denial was held in abeyance, however, and the parties were directed to brief the following issues:

(A) Whether the dismissal of a claim on the ground of procedural default is an adjudication on the merits for purposes of the successive petition provisions of 28 U.S.C. § 2244, see Camarano v.. Irvin, 98 F.3d 44 (2d Cir.1996) (per curiam) (holding subsequent § 2254 petition is not successive unless the first petition is dismissed on the merits), so that Turner's present application qualifies as a successive petition.

(B) Whether Turner exhausted his present claims by raising them in the New York Supreme Court, Appellate Division, as grounds for a claim of ineffective assistance of counsel on a writ of error coram nobis.

(C) Assuming that Turner did thus exhaust the two present claims, whether 28 U.S.C. § 2244(b)(1)—requiring dismissal of any claim presented in a successive habeas petition that was presented in a prior petition—bars habeas review where a claim previously dismissed as unexhausted and procedurally forfeited is thereafter presented to the state courts and exhausted.

We hold that Turner's present petition is successive, and that Turner has failed to make a prima facie showing that the successive petition satisfies the requirements of 28 U.S.C. § 2244(b). We therefore lift the hold on this Court's July 10, 2000 Order denying Turner authorization to file a successive habeas petition. In short, Turner is denied permission to file a second habeas petition pursuant to 28 U.S.C. §§ 2244 and 2254.

## BACKGROUND

On the night of June 20, 1988, petitioner-appellant Kevin Turner was watching television in a Brooklyn apartment with his accomplice, Chris Tucker, and with victims David Smith, Lawrence Moses and Ronald Blackett. Turner drew a gun and shot David Smith in the face, who was seriously injured and pretended to be dead. Turner then shot Moses and Blackett, killing them both. Tucker took money and jewelry from Smith. The police arrived shortly after Turner and Tucker left, and found Smith alive. Smith survived his injuries to testify against Turner.

Turner was convicted by the jury on a host of charges arising out of the shoot-

ing.[1]

On his appeal to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"), Turner argued three claims:

(i) He was denied his federal and state rights to confrontation, to present a defense, and to a fair trial when the trial court limited cross-examination of Smith's rebuttal testimony and barred his counsel from making certain remarks in summation about the lack of evidence linking Turner to the crime;

(ii) The jury instruction on burden of proof permitted the jury to convict based on a preponderance of the evidence; and

(iii) The consecutive sentences imposed for the attempted murder and robbery offenses were illegal and, in any event, Turner's sentence was excessive.

The Appellate Division affirmed Turner's conviction, discussing the merits of each claim. *See People v. Turner,* 212 A.D.2d 818, 623 N.Y.S.2d 271 (2d Dep't 1995). Turner's application for leave to appeal to the New York Court of Appeals was denied. *See People v. Turner,* 86 N.Y.2d 742, 631 N.Y.S.2d 623, 655 N.E.2d 720 (1995).

On April 11, 1997, Turner petitioned pro se for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York, raising four claims, of which two are at issue on this motion to file a successive petition:

(1) The prosecutor displayed graphic and inflammatory photographs of the victims, in violation of Turner's right to a fair trial ("claim (1)");

(2) The prosecutor in summation improperly vouched for the credibility of a state witness, in violation of Turner's right to a fair trial ("claim (2)").

Turner's first habeas petition also challenged the rulings that restricted the cross-examination of Smith and the defense summation as to the paucity of evidence linking Turner to the crime, as well as the jury instruction on burden of proof.

The State unsuccessfully moved to dismiss the petition on the ground it was barred by AEDPA's one year statute of limitations, and then opposed Turner's petition on the merits on the grounds (inter alia) that claims (1) and (2) were procedurally barred because Turner had failed to raise them in his direct appeal or in his application for leave to appeal to the New York Court of Appeals.

The district court ruled that claims (1) and (2) were procedurally forfeited because they "were not raised on his direct appeal, although the record was adequate to permit such review." *Turner v. Artuz,* 97–CV–2058 (E.D.N.Y. Feb. 27, 1998) (order denying petition for a writ of habeas corpus) (citing *Grey v. Hoke,* 933 F.2d 117, 121 (2d Cir.1991) (deeming claims exhausted because "petitioner no longer has 'remedies available' in the New York state courts under 28 U.S.C. § 2254(b)" yet finding them procedurally barred)). Turner's other two claims—previously raised on direct appeal—were denied on the merits for the reasons stated in the Appellate Divi-

---

1. Turner was convicted on four counts of murder in the second degree in violation of N.Y. Penal Law § 125.25 (two counts of intentional murder and two counts of felony murder); one count of attempted murder in the second degree in violation of N.Y. Penal Law §§ 110.00 and 125.25(1); one count of robbery in the first degree in violation of N.Y. Penal Law § 160.15(2); two counts of assault in the first degree in violation of N.Y. Penal Law § 120.10(1) and (4); one count of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03; and one count of criminal possession of a weapon in the third degree in violation of N.Y. Penal Law § 265.02(4).

sion's opinion. *See id.* (citing *Turner*, 212 A.D.2d 818, 623 N.Y.S.2d 271). The district court denied a certificate of appealability; Turner declined to seek a certificate from this Court.

Turner subsequently filed a pro se motion in the Appellate Division for a writ of error coram nobis, alleging that his appellate counsel was constitutionally ineffective for failing to raise—and thereby exhaust—claims (1) and (2) on direct appeal. In opposition, the State praised the performance of Turner's counsel. The Appellate Division denied Turner's motion for a writ of error coram nobis on June 14, 1999, stating only that "[t]he appellant has failed to establish that he was denied the effective assistance of appellate counsel". *People v. Turner*, 262 A.D.2d 508, 691 N.Y.S.2d 787, 788 (2d Dep't 1999).

On June 7, 2000, Turner filed a motion in this Court seeking leave to file a second or successive petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Turner sought to raise the claims—(1) and (2)—that had been raised in his first petition and been dismissed as procedurally forfeited, and thereafter had been the predicates for the writ of error coram nobis that Turner sought from the Appellate Division. On July 10, 2000, this Court denied Turner's motion for permission to file a second habeas petition but held the denial in abeyance pending further briefing.

## DISCUSSION

### *Turner's Present Petition is a Successive Petition*

■ The dismissal of a petition without prejudice for failure to exhaust does not amount to a "federal adjudication on the merits" that renders a subsequent petition "successive" within the meaning of AEDPA. *Camarano v. Irvin*, 98 F.3d 44, 46–47 (2d Cir.1996) (per curiam). Therefore, a petitioner is not required to seek authorization from this Court to file another such petition. *See id.* at 44–45.

In *Camarano*, the first petition (like Turner's) contained some claims that were procedurally exhausted and others that were not; and the district court dismissed the entire petition, without prejudice, for failure to exhaust state remedies. *See id.* That disposition followed *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), which held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims", *id.* at 522, 102 S.Ct. 1198, and petitioner may either "amend the petition to delete the unexhausted claims . . . [or] return[ ] to state court to exhaust all of his claims", *id.* at 520, 102 S.Ct. 1198.

■ Under AEDPA, however, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). A district court therefore now has the option of denying mixed petitions on the merits. That is how the district court disposed of Turner's first petition: Turner's procedurally exhausted claims were denied on the merits, and the remaining claims—(1) and (2)—were dismissed on the ground that they were procedurally forfeited. *Turner*, No. 97–CV–2058 (order denying petition for a writ of habeas corpus).

Dismissal for procedural forfeiture differs crucially from the dismissal of a mixed petition so that the petitioner can comply with the total exhaustion rule. Here, to avoid dismissing the entire petition for

unexhausted claims, the district court presumably deemed claims (1) and (2) to be exhausted, *see Bossett v. Walker,* 41 F.3d 825, 828–29 (2d Cir.1994), and then declined to address the underlying merits of those claims on the ground that Turner had failed to demonstrate cause and prejudice for the default, *see Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The determination that claims (1) and (2) were procedurally defaulted qualifies as an adjudication on the merits. *See Carter v. United States,* 150 F.3d 202, 205–06 (2d Cir.1998) (per curiam) ("[A] denial on grounds of procedural default constitutes a disposition on the merits...."). We therefore conclude that Turner's subsequent § 2254 petition was " 'second or successive' for purposes of the AEDPA" and "require[s] authorization pursuant to ... [§ ]2244(b)(3)(A)." *Id.* at 206, 203 (distinguishing *Camarano* situations where the initial petition was dismissed without prejudice for failure to exhaust).

*Turner is Prohibited From Filing a Successive Petition*

Under 28 U.S.C. § 2244(b)(3)(C), this Court may grant authorization for a successive habeas petition only "if it determines that the application makes a prima facie showing that the application satisfies the requirements of" 28 U.S.C. § 2244(b). A successive petition does not satisfy § 2244(b) if it contains a claim that was presented in a prior application, *see* 28 U.S.C. § 2244(b)(1), as evidently is the case here. One issue on which we invited briefing is whether § 2244(b)(1) mandates denial of the application if a claim previously dismissed as procedurally forfeited is thereafter exhausted before being presented again in the successive petition. However, this question is reached only if Turner did in fact exhaust claims (1) and (2)

by raising them in a writ of error coram nobis before the Appellate Division.

"In a criminal action, the writ of error coram nobis lies in [the state appellate court] only to vacate an order determining an appeal on the ground that the defendant was deprived of the effective assistance of appellate counsel." *People v. Gordon,* 183 A.D.2d 915, 584 N.Y.S.2d 318, 318 (2d Dep't 1992) (citing *People v. Bachert,* 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987)). The constitutional deprivations alleged in claims (1) and (2) could be advanced in a writ of error coram nobis only as predicates for the claim of ineffectiveness, on the theory that effective counsel would have appealed on those grounds. But a petitioner cannot show exhaustion unless he has "fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Klein v. Harris,* 667 F.2d 274, 282 (2d Cir.1981). The only constitutional claim Turner was permitted to raise in seeking a writ of error coram nobis was ineffective assistance of appellate counsel, a claim that is distinct from claims (1) and (2) in procedural terms under state law and in their federal constitutional sources. A court considering ineffective assistance might never reach the underlying constitutional claims, and the rejection of the ineffective assistance claims without detailed comment does not bespeak any necessary ruling on the underlying constitutional claims. Thus in this instance the Appellate Division ruled that "[t]he appellant has failed to establish that he was denied the effective assistance of appellate counsel", without speaking to the merits of the underlying claims. *See Turner,* 691 N.Y.S.2d at 788. We need not decide whether it would make any difference if the state court analyzed the merits.

Because Turner failed to exhaust claims (1) and (2), we also need not decide whether the subsequent exhaustion of an unexhausted and procedurally defaulted claim affects the applicability of 28 U.S.C. § 2244(b)(1). The claims Turner seeks to raise in his successive petition were presented in a prior application and, as such, Turner's present successive application fails—on its face—to satisfy the requirements of § 2244(b)(1). This Court is therefore unable to authorize a successive application in this case.

## CONCLUSION

For the foregoing reasons, we direct that the hold on the denial of Turner's motion for authorization of a successive habeas petition under 28 U.S.C. § 2244(b) be lifted.