Terrell CARPENTER, Petitioner,

v.

Edward REYNOLDS, Superintendent 7113(ADS) Mohawk Correctional Facility, Suffolk County Police Department, and Ms. Diane Martin (Assistant District Attorney), Respondents.

No. 01 CV 7113(ADS).

United States District Court, E.D. New York.

July 27, 2002.

Terrell Carpenter, Rome, NY, Petitioner Pro Se.

Thomas J. Spota, District Attorney, Suffolk County, Riverhead, NY, by Craig D. Pavlik, Assistant District Attorney, for Respondents.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Terrell Carpenter ("Carpenter" or the "petitioner"), by petition dated October 25, 2001, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is a motion by Edward Reynolds, the Suffolk County Police Department, and Ms. Diane Martin (collectively, the "respondents") to vacate this Court's December 12, 2001 order directing them to show cause why a writ of habeas corpus should not be issued and to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R.Civ.P.").

### I. BACKGROUND

On May 4, 2001, Carpenter pled guilty to three counts of Robbery in the First Degree (Penal Law § 160.15(4)) in Suffolk County Court (Ohlig, J.). In response to questions from court, the petitioner stated that he was not being treated by a physician or psychiatrist; he was in good health; and he had not taken drugs or had alcohol within the past 24 hours. The petitioner also indicated that he had had sufficient time to speak with his attorney and his family before deciding to plead guilty to the indictment. Counsel for the petitioner stated that "I feel it's within my client's best interest to take this plea to the indictment and receive the five and a half years as opposed to being convicted after trial with a potential of facing a fifty-year sentence" (P. 17).[1]

In response to further questions by the court, the petitioner stated that on September 20, 2000, he acted in concert with an unidentified person to forcibly steal money from Muhammed Zafar while displaying what appeared to be a firearm. The petitioner also stated that on October 19, 2000, he acted in concert with an unidentified person to forcibly steal money from Mohammed Sajjad while displaying what appeared to be a weapon. The petitioner further stated that on the same date and in the same location, he acted in concert with an unidentified person to forcibly steal property while displaying what appeared to be a firearm.

The petitioner indicated that he understood that by pleading guilty he was waiving his right to a jury trial and all attendant rights, including the right be represented by counsel at trial, the right to cross-examine witnesses against him, the right to have his guilt proven beyond a reasonable doubt, the right to testify

---

1. Numerical references preceded by "P." refer to the minutes of the plea allocution.

and call witnesses on his own behalf, and the right to a unanimous verdict of guilty. The petitioner also understood that a guilty plea has the same legal significance of a guilty verdict after trial. He further told the court that his guilty plea was not a result of threats by the police department or District Attorney's Office. The petitioner stated that he was pleading guilty of his own free will. As part of the plea agreement, the petitioner waived his right to appeal.

On June 19, 2001, the petitioner was sentenced to a five-year term of imprisonment. He is presently incarcerated.

In a petition dated October 25, 2001, Carpenter seeks a writ of habeas corpus. In his petition, Carpenter states that he pled guilty in state court; did not appeal his judgment of conviction; and did not file other petitions, applications, or motions in state or federal court. Carpenter claims that he was convicted because two police officers in the Third Precinct of the Suffolk County Police Department violated his civil and constitutional rights by relying on hearsay, using racial profiling tactics, and conducting an illegal search and seizure. The petitioner argues that the actions of the two police officers violated the prohibition against double jeopardy. Carpenter also claims that he only intended to "joyride" in the stolen car and, therefore, his sentence is excessive. In particular, Carpenter argues that he should have received probation or county jail time for his conduct. Carpenter also refers to 42 U.S.C. §§ 1983, 1985(3), and 1986 and requests judgment in the amount of $300 million.

In an order dated December 12, 2001, this Court directed the respondents to show cause why a writ of habeas corpus should not be issued by filing a return to Carpenter's petition.

In papers dated February 7, 2002, the respondents moved to vacate the Court's December 12, 2001 order and to dismiss the petition on the ground that (1) Carpenter failed to exhaust his claims in state court; and (2) Carpenter's allegations are unintelligible and fail to state a claim upon which relief can be granted.

## II. DISCUSSION

At the outset, several of Carpenter's claims are not cognizable under federal habeas corpus review. To the extent that Carpenter seeks a monetary judgment for violations of his civil rights pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, those claims are not properly brought in a habeas corpus petition, which does not permit remuneration for constitutional violations. See 28 U.S.C. § 2254(a) (providing that if a petitioner is in custody in violation of the Constitution or laws or treaties of the United States, a writ of habeas corpus shall issue). Accordingly, Carpenter's claims pursuant to Sections 1983, 1985(3), and 1986 are dismissed without prejudice. If it is money Carpenter seeks, he must file a separate Section 1983 action.

Turning to the remaining portion of the petition, habeas corpus relief is available only where the petitioner has exhausted the remedies available in the state courts or there is "either an absence of available State corrective process; or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b)(1). To satisfy this exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims he raises in his federal petition to the highest court in the state. See Aparicio v. Artuz, 269 F.3d 78, 89–90 (2d Cir.2001); Turner v. Artuz, 262 F.3d 118, 123–24 (2d Cir. 2001); Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir.1990).

When a claim has never been presented to a state court, a federal court may find

that there is an absence of available state corrective process under § 2254 "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio*, 269 F.3d at 90. If this is the case, then the district court has the power to deem the claim exhausted. *See id.* (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir.1997)). However, when "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the federal habeas court must deem the claims procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Aparicio*, 269 F.3d at 90.

■ Dismissal of a habeas claim on the ground that it was procedurally defaulted "differs crucially" from a dismissal for failure to exhaust state-court remedies. *See Turner*, 262 F.3d at 122. A dismissal for a procedural default is equivalent to a disposition of the claims on the merits. *See Aparicio*, 269 F.3d at 90; *Turner*, 262 F.3d at 122. Thus, any future presentation of the claim would be a second or successive habeas petition that would require authorization from the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Aparicio*, 269 F.3d at 90; *Turner*, 262 F.3d at 122. Moreover, federal courts are prohibited from reviewing a procedurally defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice or that failure to consider the claim will result in a "fundamental miscarriage of justice (i.e., the petitioner is actually innocent)." *Aparicio*, 269 F.3d at 90 (citing *Coleman*, 501 U.S. at 748–50, 111 S.Ct. 2546).

Reading the petition liberally and in the light most favorable to Carpenter, the Court finds that Carpenter raises three claims: (1) illegal search and seizure; (2) double jeopardy; and (3) excessive sentence. Carpenter did not raise any of these claims in the state-court because he neither appealed his judgment of conviction nor collaterally attacked it. Accordingly, his claims are unexhausted and unreviewable unless this Court finds that presentation of them in state court would be futile due to a procedural bar. *See Aparicio*, 269 F.3d at 90.

■ For a criminal appeal in state court to be timely, the appellant must file a notice of appeal within thirty days after judgment has been entered. Criminal Procedure Law ("CPL") § 460.10(1)(a). Carpenter failed to file a timely notice of appeal. Accordingly, the statutory limit for a direct appeal from Carpenter's judgment of conviction has passed. Despite what appears to be a procedural bar, this Court cannot deem Carpenter's claims exhausted in light of the Second Circuit's holding in *Pesina v. Johnson*, 913 F.2d 53 (2d Cir.1990). In *Pesina*, the Second Circuit held that although the statutory time limit for a petitioner to appeal the denial of a motion brought pursuant to CPL § 440.10 had passed, the petitioner "must still present that claim to the highest state court." *Id.* at 54. Similarly, this Court has no authority to declare as a matter of state law that an appeal from Carpenter's judgment of conviction is unavailable. *Id.* Indeed, Carpenter can apply for an extension of time in which to file a notice of appeal pursuant to CPL § 460.30(1).

In addition, the Court has not been presented with enough information to determine whether suppression motions were made or hearings held. Accordingly, the Court is unable to find, as a matter of state law, that Carpenter's present claims could be decided by examining the trial-court record, and thus, that collateral re-

view by way of a CPL § 440.10 motion is precluded pursuant to CPL § 440.10(2)(c). *See Pesina*, 913 F.2d at 54 (holding that the Court had no authority to declare as a matter of state law that the petitioner cannot raise his claim in a new section 440.10 motion). Further, Carpenter could have raised his sentencing claim in a CPL § 440.20 motion to set aside his sentence but did not. Therefore, the Court finds that until Carpenter presents his illegal search and seizure, double jeopardy, and excessive sentence claims to the highest state court, "whether or not it seems likely that he will be held to be procedurally barred," he has not exhausted available state procedures. *Id.*

The question now is how best to dispose of the petition without creating procedural bars that would prevent Carpenter from raising exhausted claims in the future. If Carpenter's petition had contained both exhausted and unexhausted claims, the appropriate course of action would be to stay the exhausted portion of the petition and direct Carpenter to notify the Court within a short period after he has exhausted his state-court remedies. *See Zarvela v. Artuz*, 254 F.3d 374, 380–81 (2d Cir.2001). However, Carpenter's petition contains only unexhausted claims. Therefore, the Court has no basis to retain jurisdiction while Carpenter pursues exhaustion.

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period, 28 U.S.C. § 2244(d), it appears that the dismissal of this petition may not prejudice Carpenter from filing a future petition. Because Carpenter did not appeal his judgment of conviction, it is unclear when that conviction, which was entered on June 19, 2001, became final and, thus, when the one-year limitations period commenced. However, with reasonable certainty, the Court is of the opinion that the limitations period has not yet expired. Further, if Carpenter

acts promptly in applying for an extension of time to file a direct appeal; filing his notice of appeal; perfecting and pursuing his appeal to the highest court of the state; and filing motions that collaterally attack his judgment of conviction, he likely will benefit from various stays and tolling provisions of the limitations period. Finally, the Court notes that if it had deemed Carpenter's claims procedurally defaulted, a future petition would be barred by the AEDPA's prohibition on second or successive habeas petitions. *See Aparicio*, 269 F.3d at 90; *Turner*, 262 F.3d at 122. The Court's dismissal of Carpenter's petition without prejudice for failing to exhaust state remedies, on the other hand, enables him to file a future petition without being barred by the AEDPA's prohibition on second or successive petitions. *See Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996).

Pursuant to Fed.R.App.P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as the petitioner has not made a substantial showing of a denial of a constitutional right, in that the issues involved in this case are not debatable among jurists of reason; that a court could not resolve the issues in a different manner; and the questions involved do not deserve encouragement to proceed further. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394–95 n. 4, 77 L.Ed.2d 1090 (1983); *Lucidore v. New York State Div. Of Parole*, 209 F.3d 107, 112 (2d Cir.2000).

### III. *CONCLUSION*

Based on the foregoing, it is hereby

**ORDERED**, that the respondents' motion to vacate the Court's December 12, 2001 order is **DENIED** because the respondents' have not provided the Court with legal support for their request; and it is further

**ORDERED,** that the respondents' motion to dismiss the petition for a writ of habeas corpus is **GRANTED;** and it is further

**ORDERED,** that the petition for a writ of habeas corpus is dismissed without prejudice for Carpenter's failure to exhaust his state-court remedies; and it is further

**ORDERED,** that the Court declines to issue a certificate of appealability; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**