**William McKETHAN, Petitioner–
Appellant,**

v.

**Dominic MANTELLO, Superintendent,
Coxsackie Correctional Facility,
Respondent–Appellee.**

Docket No. 00–2217.

United States Court of Appeals,
Second Circuit.

Argued: Oct. 22, 2001.

Decided: May 31, 2002.

Julia Pamela Heit, New York, NY, for Petitioner–Appellant.

Emil Bricker, Assistant District Attorney (Richard A. Brown, District Attorney, and John M. Castellano, Assistant District Attorney, of counsel), Kew Gardens, NY, for Respondent–Appellee.

Before CARDAMONE, WINTER, and SACK, Circuit Judges.

WINTER, Circuit Judge.

William McKethan, a New York state prisoner, appeals from Judge Weinstein's dismissal of his petition for habeas corpus. The dismissal was based on the ground that McKethan had not exhausted his remedies in the state courts with regard to some of his claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, the district court's inquiry was limited to whether each of the claims in McKethan's petition had earlier been presented to the New York courts. The court did not make the further inquiry as to whether the unpresented claims were now procedurally barred under New York law, *see* N.Y.Crim. Proc. Law § 440.10(2)(c), and therefore deemed exhausted for federal habeas purposes. *See Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir.1991) (holding that even if a federal claim has not been presented to the highest state court, it will be deemed exhausted if it is, as a result, then procedurally barred under state law); *see also Ramirez v. Attorney Gen. of New York,* 280 F.3d 87, 94 (2d Cir.2001). We conclude that appellant's claims are all fully exhausted and must be either addressed on the merits or treated for cause and prejudice analysis by the district court upon remand.

McKethan also argues that he should have been provided with appointed counsel during his state collateral proceedings and the proceeding in the district court. We disagree.

## BACKGROUND

McKethan was convicted by a jury in the Supreme Court of New York of second degree murder and several other crimes following a shooting in the course of a robbery. Represented by new counsel, McKethan appealed his convictions to the Appellate Division, Second Department. On that appeal, McKethan's counsel advanced only one argument—that evidence found on McKethan when he was arrested should have been suppressed because the police lacked probable cause for the arrest. McKethan also filed a *pro se* supplemental brief. In that brief, he argued, among other things, that he had received ineffective representation at trial because his trial counsel had failed to challenge the admissibility of a blood-stained coat that McKethan had taken from his victim.

While McKethan's appeal was pending, he filed a *pro se* motion in the trial court, pursuant to N.Y.Crim. Proc. Law § 440.10, to vacate his convictions. In this motion, McKethan contended that the state did not promptly provide him with certain evidentiary materials and that his original counsel was ineffective at trial. In particular, he criticized his trial counsel's failure to investigate the case, call certain witnesses, or accede to McKethan's demands regarding trial strategy.

The trial court denied McKethan's motion, holding that he was procedurally barred from challenging the government's untimely provision of evidence and that his counsel had defended him effectively. Shortly thereafter, the Appellate Division affirmed his convictions. Specifically, it ruled that the police had sufficient probable cause when they arrested McKethan and that the issues raised in McKethan's *pro se* brief were either without merit or inappropriate for review on a direct appeal.

McKethan then sought permission from the Appellate Division to appeal the trial court's denial of his motion to vacate his convictions. He also moved to reargue his direct appeal before the Appellate Division. Both requests were rejected.

McKethan next submitted letters to the New York State Court of Appeals asking for review. Lastly, McKethan's counsel also sought permission from the Court of Appeals to appeal the Appellate Division's ruling concerning probable cause for McKethan's arrest. All of these requests were denied.

From this point forward, McKethan proceeded without counsel. He applied unsuccessfully to the Court of Appeals to appeal the denial of his motion to vacate his convictions. He also moved the trial court to renew his first motion to vacate his convictions and initiated yet a new motion to vacate his convictions, repeating issues that he had raised previously. The trial court consolidated McKethan's motions and rejected them.

McKethan thereafter continued to try, without success, to have his convictions vacated. He filed a writ of error *coram nobis* with the Appellate Division, contending that his counsel on direct appeal was ineffective. He also moved the trial court yet again to vacate his conviction, maintaining this time that he was unconstitutionally excluded from the voir dire of a prospective juror. The Appellate Division denied McKethan's application, and the trial court held that he was procedurally barred from making his newest motion to vacate his convictions because he had not previously raised his argument regarding the voir dire. McKethan sought to appeal this decision to the Appellate Division but was again denied permission to do so.

After these state proceedings, McKethan filed the present petition for habeas corpus in the Eastern District. He assert-

ed, among other things, that: (i) he was unconstitutionally prevented from testifying at a pre-trial suppression hearing; (ii) he was denied his right to be present during the voir dire with a prospective juror; and (iii) his trial counsel was ineffective in representing him.

The state moved to dismiss the petition, arguing that McKethan had failed to exhaust at least some of his issues in the state courts. *See Rose*, 455 U.S. at 510, 102 S.Ct. 1198. The district court conducted a telephone hearing, in which McKethan participated without counsel. After briefly questioning the state and McKethan, the district court concluded that McKethan had not raised in the state courts his claims with regard to his rights to testify at a pre-trial suppression hearing and to be present at the voir dire of a prospective juror. The court held that these claims were therefore unexhausted and dismissed McKethan's petition without reaching the merits.[1] *See id.*

### DISCUSSION

■ A district court must dismiss any petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254, that contains issues not exhausted in the state courts. *See Rose*, 455 U.S. at 510, 102 S.Ct. 1198; *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir.2001) (per curiam). Where a district court is faced with a "mixed petition," presenting both exhausted and unexhausted issues, it can offer the petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims." *Rose*, 455 U.S. at 510, 102 S.Ct. 1198. Alternatively, a district court may also dismiss the petition with a

judgment on the merits. *See Turner*, 262 F.3d at 122. The district court chose the former option.

■ "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez*, 280 F.3d at 94. Moreover, "[e]ven if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law." *Id.; see also Grey*, 933 F.2d at 120.

■ All the issues raised in McKethan's petition are exhausted because they were either resolved by the New York courts or are now procedurally barred for not having been raised in a timely fashion. To begin, the state asserts that McKethan never exhausted his claim with regard to his trial counsel's ineffectiveness for failing to object to the admissibility of the blood-stained coat. However, examination of the record reveals the truth to be otherwise. This claim was clearly raised by McKethan in his *pro se* supplemental brief in his direct appeal and rejected by the Appellate Division. McKethan later tried to advance the claim to the Court of Appeals, but his petition for leave to appeal was denied. We therefore consider this claim to be exhausted. Next, McKethan's claim with regard to his right to be present at the voir dire of a prospective juror became procedurally barred, and thus exhausted

---

1. Curiously, on appeal, the state does not rely upon the rationale adopted by the district court. Instead, the state contends that McKethan has not exhausted his claim with regard to his trial counsel's ineffectiveness for failing to challenge the admissibility of the blood-stained coat, an issue never mentioned by the district court.

for the purpose of habeas review, after he failed to raise it at his first opportunity to do so. This was the reason stated by the trial court when it rejected, pursuant to N.Y.Crim. Proc. Law § 440.10(3)(c), McKethan's motion to vacate his convictions. Finally, McKethan's argument that he was wrongfully denied his right to testify at a pre-trial suppression hearing was entertained and rejected by the Appellate Division during his direct appeal. Although the Appellate Division was not explicit about whether it decided this argument on the merits, it is undisputed that all the facts relevant to this claim were in the record on McKethan's direct appeal and that the claim was ripe for a decision on the merits. *Cf. Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810–11 (2d Cir. 2000) (allowing federal courts to presume that state court holdings ambiguously combining substantive and procedural components refer to the substantive component); *Owens v. Treder*, 873 F.2d 604, 611 (2d Cir.1989) (same).

To summarize, the issues presented by McKethan in his petition for habeas corpus were exhausted for federal habeas purposes either because they were fully resolved by the state courts or because they are now procedurally barred under state law. *See Ramirez*, 280 F.3d at 94; *Grey*, 933 F.2d at 120. All but two of the claims in McKethan's habeas petition were adequately presented to the New York courts and must now be considered on the merits. The two claims that McKethan lost through procedural default are: (i) his contention about his right to be present during the voir dire of a prospective juror; and (ii) his theory that his trial counsel was ineffective for failing to request a sanction for the state's non-disclosure of evidence. As explained above, these latter claims are also now exhausted and must be analyzed for cause and prejudice by the district court. *See id.* Accordingly, the district court erred in its decision to dismiss the petition.

■ Finally, McKethan argues that he should have been provided with counsel during various state collateral proceedings or the proceeding in the district court. We disagree. The constitutional right to appointed counsel exists only during the original criminal proceeding and the direct appeal from a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555–56, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Bloomer v. United States*, 162 F.3d 187, 192 (2d Cir.1998). In other words, "[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals." *Finley*, 481 U.S. at 555, 107 S.Ct. 1990.

We therefore reverse the dismissal of his petition and remand for either consideration of the merits or application of the cause and prejudice analysis.