**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACKIE LOYD CARR,

Plaintiff-Appellant,

v.

HOYTE BRILL, Warden, Kit
Carson Correctional Center
("KCCC"); MR. SLOAN, Assistant
Warden, KCCC; MR. TRIMMER,
Principal, KCCC; MR. CARTER,
Hearing Officer, KCCC; S.
VAUGHN, Grievance Coordinator,
KCCC; MIKE MARTINEZ,
Kitchen Manager, KCCC,

Defendants-Appellees.

No. 06-1009

(D. Colorado)

(D.C. No. CIV-05-1284-Z)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jackie Loyd Carr, a state prisoner appearing pro se, brings suit pursuant to 42 U.S.C. § 1983, alleging that prison officials: (1) discriminated against him by firing him from his prison job to hire an African-American so that the prison could meet racial quotas; (2) retaliated against him for filing a grievance about prisoner pay by convicting him of misconduct; and (3) retaliated against him for filing grievances about breakfast options by transferring him to a different facility. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM the district court's dismissal without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

## I. BACKGROUND

Mr. Carr's complaint involves three separate incidents that form the factual background for each of his three claims. First, in February 2003, Mr. Carr was terminated from his job at the prison library allegedly so that the prison could hire an African-American to take his job, since at that time, no African-Americans worked in the library. Mr. Carr alleges that this termination violates his equal protection rights. He asserts that he attempted to follow the grievance processes available to Colorado prisoners, but prison officials restricted his access to the process by refusing to accept his grievances and refusing to provide him with grievance forms.

2

Second, in June 2003, Mr. Carr submitted a grievance regarding a pay cut for prisoners. He stated the following in the grievance: "I am sure the state has not raised canteen prices 4 times in the last year, a [$]1.00 a day means we buy our own hygiene, anything less we don't work and let you buy our hygiene." Rec. doc. 12, at 11 (Notice of Charge(s), dated June 20, 2003). Prison officials interpreted his use of the word "we" to constitute advocation of a facility disruption. He was immediately placed in administrative segregation, and shortly thereafter, convicted of misconduct. He contends that this segregation and conviction constituted retaliation for his use of the grievance system to complain about inmate pay cuts. Mr. Carr appealed the conviction on these grounds. He contends that his appeal of the misconduct conviction exhausts his administrative remedies because "th[ere] is no grievance process for Code of Penal Discipline . . . . It has [its] own appeal process for exhaustion [of] remedies." Aplt's Brief at 3, ¶ 4. He has not argued that he submitted or attempted to submit any grievances specifically regarding the alleged retaliation.

Third, in July 2003, Mr. Carr began submitting grievances about the unavailability of certain breakfast items that he required because of his health issues. In December 2003, he received a letter from a grievance officer certifying that he had completed the grievance process and promising the availability of certain foods. Mr. Carr claims that the resolution this letter purports to have instituted was discontinued after two weeks, and that when he tried to begin the

3

grievance process again prison officials retaliated against him by moving him to a different prison facility.

After Mr. Carr filed his complaint in the district court in July 2005, the district court ordered him to amend his complaint and show that he had exhausted his three claims. Mr. Carr submitted an amended complaint, which the district court dismissed in December 2005 for failure to exhaust administrative remedies. It explained that although it appeared that Mr. Carr had exhausted all administrative remedies available to him with respect to his first and third claims (regarding termination from his library job and retaliation by moving him to a different prison facility), it held that he had not exhausted his administrative remedies with respect to his second claim, that prison officials retaliated against him for using the grievance process to challenge prisoner pay cuts.

On appeal, Mr. Carr challenges the district court's ability to dismiss his amended complaint without first serving it on the defendants. He also challenges the district court's determination that he did not exhaust his administrative remedies with respect to his second claim, pointing to the fact that he appealed the misconduct conviction that he contends occurred solely as retaliation for complaining about prisoner pay. For the reasons stated below, we AFFIRM the district court.

## II. DISCUSSION

We review de novo a district court's dismissal of a complaint for failure to

4

state a claim. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "'[D]ismissal of a pro se complaint . . . is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Id.* (quoting *Gaines v. Stenseng*, 292 F.3d 122, 1224 (10th Cir. 2002)). We accept the allegations in the complaint as true, and make all reasonable factual inferences in Mr. Carr's favor. *Id.* Additionally, we must construe his arguments liberally because he is pro se. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A.    Dismissal of Complaint Prior to Serving Defendants

Mr. Carr first argues that the district court should not have dismissed his amended complaint before it had been served on the defendants. This argument is without merit. Congress enacted certain screening procedures for a district court to use in all civil actions "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Under these procedures, a district court is required to review the prisoner's claims "before docketing, if feasible." *Id.* Thus, the district court is not required to serve the defendants before reviewing and, in appropriate cases, dismissing *sua sponte* a prisoner's complaint. *See Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998) (holding that the screening provisions of the PLRA are constitutional and that district courts may dismiss meritless claims before serving defendants).

5

B.      Exhaustion of Administrative Remedies

Mr. Carr next argues that the district court erred by dismissing his complaint for failure to exhaust administrative remedies.  The Prison Reform Litigation Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The prisoner must exhaust all administrative remedies available even if administrative procedures "would appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  Additionally, when a prisoner chooses to bring multiple claims regarding prison conditions, "§ 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. . . . [T]he presence of unexhausted claims . . . require[s] the district court to dismiss [an] action in its entirety without prejudice." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004).

Here, the district court held that Mr. Carr had not exhausted his administrative remedies with respect to his second claim that prison officials retaliated against him by convicting him of misconduct, and dismissed his complaint without prejudice.  It reasoned that even though Mr. Carr had appealed the misconduct conviction, this appeal "merely upheld the conviction; it did not address whether or not he was being retaliated against for filing a grievance." Rec. doc. 14, at 4 (Dist. Ct. Order, dated Nov. 30, 2005).  On appeal, Mr. Carr

6

urges that he did, in fact, exhaust all administrative remedies available to him because when he appealed the misconduct conviction, he specifically argued that prison officials instituted the charges in order to retaliate against him for filing grievances.

Mr. Carr is correct; his appeal did indeed address his argument that the misconduct conviction was a form of retaliation for writing a grievance. *See id.*, doc. 12, at 14 (Am. Compl., filed Oct. 14, 2005). Nonetheless, Mr. Carr did not exhaust all available administrative remedies, as required by the PLRA. Although the Colorado Department of Corrections ("DOC") regulations explain that the "grievance procedure may not be used to seek review of [misconduct] convictions," DOC Admin. Regs. 850-04(IV)(A)(4), they also specify that the grievance procedure may be used to allege acts of retaliation. "Reprisals for the good faith use of or participation in the grievance procedure are prohibited. An offender shall be entitled to file a new grievance alleging that such a reprisal occurred." *Id.* 850-04(IV)(B)(1)(c). Because Mr. Carr could have filed a grievance specifically concerning the retaliation, there was an available administrative remedy that he did not utilize.

The grievance system is an important part of the administrative process that cannot be overlooked by prisoners. The grievance process entails a documented conversation between the prisoner and prison officials, requiring each to explain their point of view, and fulfils the purpose of the exhaustion requirement – to give

7

prison officials a chance to handle a prisoner's complaints internally and to create an administrative record to help courts resolve the complaints that end in a lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). In contrast, when a prisoner appeals a misconduct conviction, the prison officials need only provide a cursory explanation of why the prisoner's appeal fails: this fails to fulfill the purposes of requiring exhaustion of administrative remedies when the grievance process is also available.

This case in particular illustrates how proper use of the grievance process provides courts with better, more detailed information about what occurred at the administrative level. With respect to Mr. Carr's third claim, which it appears he did exhaust, he received a four paragraph letter from a Step III Grievance Officer reviewing his claim: the letter explained how the prison has responded, and stated that he had exhausted his administrative remedies with respect to this issue. In contrast, the inmate appeal form, which Mr. Carr submitted as documentation of his attempt to his exhaust administrative remedies with respect to his claim of retaliation, merely requires a prison official to check a box stating that the conviction is "upheld," and includes space for only a very short explanation. Rec. doc. 12, at 14 (Inmate Appeal Form, case number 03-323, dated July 10, 2003).

Because Mr. Carr did not use the grievance system to report the alleged retaliation, he did not exhaust his available administrative remedies with respect to this claim.

8

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Carr's complaint for failure to exhaust his administrative remedies as required by the PLRA. We GRANT Mr. Carr's motion to pay the filing fee in partial payments and remind him of this continuing obligation.

Entered for the Court,


Robert H. Henry
Circuit Judge