SUMMARY ORDER
Christopher Burton (“Burton”) appeals the denial of his 28 U.S.C. § 2254 motion challenging his New York state conviction for manslaughter, second degree attempted murder, and related crimes. On April 9, 2007, this court granted Burton a certificate of appealability on the single issue of “whether trial counsel rendered ineffective assistance of counsel by failing to investigate or use an anonymous tipster’s report containing potentially exculpatory statements.” Order, Button v. Phillips, No. 06-5595-pr (2d Cir. Apr. 9, 2007). In addressing that point, we assume the parties’ familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.
1. Standard of Review and Procedural Challenge
We review de novo the district court’s denial of Burton’s 28 U.S.C. § 2254 motion, see Bell v. Miller, 500 F.3d 149, 154 (2d Cir.2007), applying the familiar two-part test for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): “First, the defendant must show that counsel’s performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense.”[2] Under the Strickland test, a petitioner carries a heavy burden because the law indulges a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052.
As an initial matter, respondent asserts that this court should not address the merits of Burton’s ineffective-assistance claim because a factual component of that claim, ie., information contained in a redacted police notebook that might have allowed defense counsel to locate the anonymous tipster, was never presented to the state court. Respondent therefore argues that, to the extent Burton’s argument is based on the redacted notebook, it is unexhausted. See McKethan v. Mantello, 292 F.3d 119,122 (2d Cir.2002) (“State remedies are deemed exhausted when a petitioner has ... informed [the state courts] about both the factual and legal bases for the federal claim.” (internal quotation marks omitted)). We need not resolve this procedural challenge because, even if we were to rule in Burton’s favor on this point, his petition would still fail for lack of merit, whether or not AEDPA deference applies. See Jimenez v. Walker, 458 F.3d 130, 145 (2d Cir. *956 2006) (discussing when AEDPA deference is due); 28 U.S.C. § 2254(d) (delineating deferential review standard).
2. Merits of Ineffective-Assistance Claim
Burton fails the first prong of the Strickland test because, as the district court observed, he adduced no evidence to support his claim that trial counsel failed to conduct a reasonable investigation into the tipster’s statement implicating an individual nicknamed “Born Truth” in the charged homicide. As the district court noted, Burton’s counsel might well have investigated the report and concluded, as a matter of strategy, that it would not assist the defense. First, the tipster never indicated that his knowledge was firsthand. Rather, he appeared to be reporting based partly on a conversation that he overheard while on a payphone and partly on statements made to him by “Born Truth” before the crime in question. Second, and more important, the record indicates that “Born Truth” may have been Burton’s brother. Because prosecution witness Giovanni Watson had previously indicated that both brothers shot at him, trial counsel could have reasonably determined that efforts to put the tipster’s information before the jury would have been more corroborative than exculpatory, particularly if it opened the door to excluded evidence of threatening conduct by Burton’s brother to Watson that may have explained the latter’s failure to inculpate the brother at trial. As that strategic decision is apparent from the record, an evidentiary hearing was not needed to explore counsel’s effectiveness. See United States v. Kurti, 427 F.3d 159, 163 (2d Cir.2005) (rejecting ineffective-assistance claim where record, “[vjiewed in its entirety,” showed that attorney’s “strategic advice” fell “within prevailing professional norms” (internal quotation marks omitted)).
In sum, on this record, Burton has failed to raise a colorable claim that his trial counsel’s defense fell outside the broad range of conduct considered objectively reasonable. See Strickland v. Washington, 466 U.S. at 689,104 S.Ct. 2052.
Accordingly, the judgment of the district court is AFFIRMED.

. Although the state court rejected Burton’s ineffectiveness claim primarily on procedural grounds, see N.Y.Crim. Proc. Law § 440.10(2)(a), (c) (instructing court to deny motion to vacate where, inter alia, basis for motion was previously determined on merits or movant unjustifiably failed to raise issue despite sufficient record facts for adequate judicial review), the district court’s determination that, in the circumstances of this case, this rule was not "firmly established and regularly followed,” Burton v. Phillips, No. 03-cv-4955, 2006 WL 2927832, at *8 (E.D.N.Y. Oct. 12, 2006), is not challenged by respondent on appeal, see Murden v. Artuz, 497 F.3d 178, 196 (2d Cir.2007) (addressing § 2254 challenge on merits where procedural rule relied upon by state court was not firmly established and regularly followed). Accordingly, like the district court, we decline to dismiss Burton’s petition on this ground. Cf. id. at 191, 195 (holding that claim rejected on state procedural grounds was procedurally barred).