FILED
United States Court of Appeals
Tenth Circuit

**March 26, 2015**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FRED SMITH,

      Plaintiff - Appellant,

v.

JUSTIN JONES; BRIAN WIDEMAN;
REBECCA ADAMS; TIM
WILKINSON; FRANK O'CLAIRE;
DEBBIE MORTON; TERRY
UNDERWOOD,

      Defendants - Appellees.

No. 14-6214
(D.C. No. 5:12-CV-01365-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

      Fred Smith, an Oklahoma state prisoner appearing pro se, appeals from the

district court's dismissal of his 42 U.S.C. § 1983 action against various prison

officials. Smith v. Jones, No. CIV–12–1365–HE, 2014 WL 5448890 (W.D. Okla.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Oct. 23, 2014).  Mr. Smith alleges several violations of his First, Eighth, and Fourteenth Amendment rights, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA), including that Defendants denied him an adequate and kosher diet, infringed his right to exercise his religion freely, inflicted emotional distress upon him, endangered his health and safety, and violated an Oklahoma statute purportedly granting him the right to a fair and adequate grievance process.  A magistrate judge issued a detailed report, recommending that the district court: (1) dismiss Mr. Smith's official capacity claims for money damages against Defendants Jones and Morton; (2) grant summary judgment in favor of moving Defendants Wilkinson, Wideman, Adams, and Underwood, as well as the nonmoving Defendants by extension; and (3) deny Mr. Smith's motion for a preliminary injunction.  Id. at *1–2.  After conducting a de novo review pursuant to Mr. Smith's objections, the district court adopted the magistrate judge's recommendation in full.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

First, concerning Defendants Jones and Morton, the magistrate judge held that, as employees of the Oklahoma Department of Corrections, they were entitled to Eleventh Amendment immunity and recommended dismissal of Mr. Smith's claims seeking money damages.  Mr. Smith did not timely object to the magistrate judge's recommendation on this issue and thereby waived appellate review of both factual and legal questions.  28 U.S.C. § 636(b)(1)(C); Duffield v. Jackson,

545 F.3d 1234, 1237 (10th Cir. 2008).  Accordingly, the district court properly dismissed the claims.  In any event, Mr. Smith did not raise any issues concerning Defendants Jones and Morton in his opening brief, and failure to raise issues in an opening brief waives those issues.  State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).   Although we generally construe pro se pleadings liberally, "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

Concerning Mr. Smith's claims against the remaining Defendants, the magistrate judge recommended their dismissal—and the district court agreed—because Mr. Smith failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act (PLRA).  42 U.S.C. § 1997e(a).  The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Id.  The exhaustion requirement applies to all inmate suits about prison life, whether they involve claims of excessive force or another wrong, and whether they concern general circumstances or particular episodes.  Porter v. Nussle, 534 U.S. 516, 532 (2002).  We review de novo a finding of

failure to exhaust administrative remedies. <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002).

Mr. Smith has not challenged the magistrate judge's detailed description of his grievances or the bases for each rejection. Instead, he argues that his noncompliance should be excused due to the "plethora of grievance tricks and traps" and the "hypertechnicality and obstruction" employed by Defendants. Aplt. Br. 3. For example, Mr. Smith contends that many of the errors underlying rejections of his grievance forms and appeals were "non-critical," such as drawing a line to amend the form for greater accuracy. <u>Id.</u> at 5. Additionally, facility staff allegedly declined to identify Mr. Smith's mistakes for him or answer certain questions about the complex grievance procedure. <u>Id.</u> at 4, 9–10.

For substantially the same reasons provided by the district court, we reject Mr. Smith's arguments. The PLRA clearly prohibits a district court from overlooking grievance procedures set by prison officials. <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006). It is undisputed that Mr. Smith did not follow prescribed procedures. Even substantial compliance is insufficient. <u>Thomas v. Parker</u>, 609 F.3d 1114, 1118 (10th Cir. 2010). As Mr. Smith argues, we may excuse the PLRA's exhaustion requirement where an inmate can show that a grievance procedure was effectively unavailable to him, such as where "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy." <u>Tuckel v. Grover</u>, 660 F.3d 1249, 1252 (10th Cir. 2011)

- 4 -

(holding that an objectively reasonable fear of retaliatory bodily harm may show that administrative remedies were unavailable); Jernigan, 304 F.3d at 1032 (holding that failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable). Yet, Mr. Smith's allegations here do not rise to the level of effectively unavailable administrative remedies. Thus, our inquiry is necessarily limited by his failure to satisfy the requirements of the PLRA. Jones v. Bock, 549 U.S. 199, 218 (2007).

Further, because Mr. Smith equally failed to exhaust his remedies as to all Defendants, the district court properly granted summary judgment based on non-exhaustion to even those Defendants who had not formally moved for it. Doña Ana Mut. Domestic Water Consumers Ass'n v. City of Las Cruces, N.M., 516 F.3d 900, 912 (10th Cir. 2008) ("[I]f the facts were fully developed at the summary judgment hearing . . . an entry of judgment for the nonmoving party may be proper if there is no procedural prejudice to the moving party." (quoting Dickeson v. Quarberg, 844 F.2d 1435, 1444 n.8 (10th Cir. 1988))). Additionally, the district court properly concluded that Mr. Smith's motion for a preliminary injunction should be denied because, among other reasons, he has not demonstrated a substantial likelihood of success on the merits of his claims. Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). Finally, because Mr. Smith alleges no viable federal claim, the district court properly declined to

exercise supplemental jurisdiction over his remaining state law claim. 28 U.S.C. §§ 1331, 1367(c)(3); <u>Carnegie–Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988).

The district court's dismissal of Mr. Smith's federal is AFFIRMED. Mr. Smith's motion to file multiple reply briefs is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge