FILED
United States Court of Appeals
Tenth Circuit

April 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER CLEVELAND,

    Plaintiff - Appellant,

v.

KAMERON HARVANEK, Warden;
DOUG BYRD, Warden; SUSAN
WELCHER, Mailroom; LISA COLLINS,
Law Librarian; JUSTIN JONES, Director
DOC; RUSSELL LITTLETON, Unit Mgr;
TERRY EDMINSTEN, Unit Mgr;
JACLYN RIVERA, ADA; ALICE
TURNER, Warden's Assist; DEBBIE
MORTON, Admin Review,

    Defendants - Appellees.

No. 14-7089
(D.C. No. 6:13-CV-00247-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Christopher Cleveland appeals the dismissal of his 42 U.S.C. § 1983 suit.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Cleveland, a state prisoner appearing pro se,[1] asserts that his constitutional rights were violated by various Oklahoma Department of Corrections ("ODOC") employees and other Oklahoma state officials. All of Cleveland's claims involve restrictions on his contact with the outside world that were imposed when he was serving time at the John Lilley Correctional Center after being convicted of child abuse and perjury. Because of his child abuse convictions, Cleveland's step-children were removed from his home, his parental rights to four of his children were terminated, and the state initiated litigation to terminate his parental rights to his fifth child.[2] Cleveland claims that ODOC staff denied him access to the prison law library when he sought to prepare briefs opposing the termination of his parental rights. They also denied him library access to prepare a supplemental brief in his direct appeal because he was represented by counsel.

Cleveland was not permitted visitation with his children while imprisoned once his parental rights had been terminated. During their correspondence with the district attorney's office about the status of Cleveland's parental rights, ODOC staff restricted Cleveland's access to mail from his wife that contained copies of their

---

[1] We construe Cleveland's pro se filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Because the record includes the names of Cleveland's children, along with the details of their termination proceedings, the court sua sponte orders the Clerk to seal the record. See Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011) (explaining that the court has the discretion to seal documents "if the public's right of access is outweighed by competing interests." (quotation omitted)).

children's birth certificates. Later, ODOC staff prevented Cleveland from receiving other mail from his wife because she and Cleveland were engaged in a scheme to avoid paying postage. Their scheme involved affixing stamps to a location on the envelopes where they would not be cancelled, then reusing the stamps. After a prison official discovered this scheme by marking stamps that Cleveland and his wife used, Cleveland was formally disciplined by ODOC and lost good-time credits.

Cleveland sued various ODOC staff and Oklahoma state officials, alleging violations of his First and Fourteenth Amendment rights. The district court dismissed some of his claims as unexhausted, and the rest as frivolous. Cleveland timely appealed.

## II

Our review of a dismissal for failure to exhaust administrative remedies is de novo. Patel v. Fleming, 415 F.3d 1105, 1108 (10th Cir. 2005). Prisoners must exhaust all available administrative remedies before bringing suit with respect to prison conditions. 42 U.S.C. § 1997e(a). Exhaustion pursuant to § 1997e(a) requires "compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Cleveland claims that Oklahoma officials violated his constitutional rights by prohibiting his children from visiting him. Although Cleveland began the grievance

process for this claim, he failed to complete it. Cleveland's grievance appeal was returned unanswered as untimely, and he did not file an application to appeal out of time. See Ngo, 548 U.S. at 90 (holding that exhaustion requires compliance with an agency's deadlines). Cleveland's argument that he sent the appeal on time is irrelevant, because, unlike federal court procedures, ODOC procedures base timeliness on the date an appeal is received. Compare Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (explaining prison mailbox rule for federal courts), with Smith v. Jones, No. CIV-12-1365-HE, 2014 WL 5448890, at *17 (W.D. Okla. Oct. 23, 2014) (unpublished) (stating that there is no "mailbox rule" for grievance appeals under the applicable ODOC procedures), aff'd, No. 14-6214, 2015 WL 1345954, at *1-2 (10th Cir. Mar. 26, 2015) (unpublished). Finally, Cleveland's subjective unawareness of the 30-day window to request an out-of-time appeal is irrelevant because it has no bearing on whether prison officials deliberately impeded his efforts to exhaust. Cf. Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010).

Cleveland also claims that prison officials impermissibly conspired and retaliated against him for contesting various restrictions they placed on his correspondence privileges. The district court concluded that this claim was unexhausted, because Cleveland never filed an administrative grievance alleging retaliation or conspiracy, but instead filed grievances about individual acts that he later described in legal actions as retaliatory. We agree; none of Cleveland's grievances allege retaliation or conspiracy. Cf. Carr v. Brill, 187 F. App'x 902, 904-05 (10th Cir. 2006) (unpublished) (holding that retaliation claims by prisoners must

-4-

be brought through the grievance process).  Cleveland argues that the claim is nevertheless exhausted because he alleged retaliation in his petition for judicial review of his misconduct hearing.  But ODOC procedures require that appeals from misconduct hearings encompass only those issues raised during the misconduct hearing, and new claims raised during appeal proceedings are therefore not exhausted.  Cf. id. at 905 (applying similar Colorado rule).

## III

We review a district court's dismissal of a claim as frivolous under 28 U.S.C. § 1915 for abuse of discretion.  Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).  "Dismissal for frivolousness is only appropriate for a claim based on an indisputably meritless legal theory."  Milligan v. Archuleta, 659 F.3d 1294, 1296 (10th Cir. 2011) (quotations omitted).

## A

Cleveland claims that ODOC staff violated his First Amendment rights by denying him access to the prison law library to prepare documents in opposition to the suit seeking termination of his parental rights to his fifth child.  Prisoners do not enjoy a "freestanding right to a law library or legal assistance," but rather have a right to access a law library only to directly or collaterally attack their sentences or to challenge the conditions of their confinement.  Lewis v. Casey, 518 U.S. 343, 351, 355 (1996).  The district court therefore did not abuse its discretion by dismissing as

frivolous Cleveland's claim that he had a right to access the prison law library to work on a civil case unrelated to his conditions of confinement.[3]

Separately, Cleveland contends that prison officials abridged his First Amendment rights by denying him law library access to file a pro se supplement to a brief filed by his direct appeal counsel. However, "[i]t is well established that provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." United States v. Cooper, 375 F.3d 1041, 1051-52 (10th Cir. 2004); see also Love v. Summit Cnty., 776 F.2d 908, 913-15 (10th Cir. 1985).

**B**

Cleveland also argues that ODOC staff violated his rights by blocking access to mail from his wife containing copies of their children's birth certificates. Undeniably, prisoners have First and Fourteenth Amendment interests in corresponding with the outside world. See Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996). However, "[a]n isolated incident" of prison staff delaying access to a prisoner's mail, "without any evidence of improper motive . . . does not give rise to a constitutional violation." Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

_____

[3] On appeal, Cleveland does not appear to challenge the district court's conclusion that alleged interference by prison officials with his attempts to petition the Oklahoma Supreme Court caused him no "actual injury." To the extent a liberal construction of Cleveland's pro se filings indicate that he challenges that decision on appeal, see Hall, 935 F.2d at 1110, we conclude that the district court did not abuse its discretion. Cleveland was able to petition the Oklahoma Supreme Court, and ultimately obtained a favorable ruling. Therefore, he suffered no actual injury. See Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (holding that an inmate must prove an actual injury from the denial of legal resources).

We therefore conclude that the district court did not abuse its discretion in dismissing Cleveland's claim as frivolous, because he admits that prison officials quickly gave him the relevant mail once they realized there was no restriction on him receiving it.

Cleveland further contends that ODOC staff violated his rights by restricting other mail from his wife as a result of their postmark-evasion scheme. Prisons may restrict an inmate's right to receive mail for concerns reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). One such interest is deterring crime. See Turner v. Safley, 482 U.S. 78, 91-92 (1987). Reuse of stamps that have already been used to pay postage is a crime. 18 U.S.C. § 1720. Cleveland's argument that the Postal Service sent the letters despite the misplaced stamps is unavailing; his ability to deceive the Postal Service does not lessen the prison's interest in deterring illegal activities. Moreover, Cleveland is flatly incorrect that prison officials are not allowed to withhold incoming mail in order to deter an inmate's criminal activity. See Safley, 482 U.S. at 91-92 (recognizing legitimate penological interest in withholding incoming mail to deter criminal activity).

## C

Finally, Cleveland argues that the disciplinary proceeding that resulted from his postmark-evasion scheme violated his Fourteenth Amendment due process rights. When disciplinary proceedings could result in the loss of good-time credits, prisoners must receive: "(a) advance written notice of the charges; (b) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [their] defense; and (c) a written statement by the

-7-

factfinder of the evidence relied upon and reasons for the disciplinary action." Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005). "[T]he decision must be supported by some evidence." Id. Our review of the record shows that Cleveland received all the required procedural safeguards, and his claims that ODOC staff conspired to find him guilty are belied by sworn affidavits in the record. Cleveland's claim that there was insufficient evidence to find him guilty of a disciplinary violation is contradicted by evidence in the record showing envelopes addressed to him by his wife, with stamps marked as having been previously used placed below the postmark. This is sufficient to satisfy the "some evidence" standard. See Wilson, 430 F.3d at 1117.

## IV

We **AFFIRM** the district court's dismissal of Cleveland's unexhausted claims and its conclusion that his exhausted claims are frivolous under 28 U.S.C. § 1915(e)(2). Accordingly, we impose a strike, Cleveland's third, under the Prison Litigation Reform Act. See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). Cleveland's motion to proceed in forma pauperis on appeal has already been granted, but we remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge